(Nos. 27614, 27625.—

THE PEOPLE *ex rel.* George F. Barrett *et al.,* Petitioners, vs. JOHN A. SBARBARO *et al.,* Respondents.

*Opinion filed March 21, 1944—Petition for rehearing stricken May 11, 1944.*

582

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (WILLIAM C. WINES, EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JAMES V. CUNNINGHAM, and GEORGE McMAHON, all of Chicago, of counsel,) for petitioners.

RICHARD H. DEVINE, (ODE L. RANKIN, of counsel,) both of Chicago, for respondents.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

In cause No. 27614, a petition for writ of *mandamus* was filed in this court, by the Attorney General and the State's Attorney of Cook county, as relators, against John A. Sbarbaro, as judge of the criminal court of Cook county, respondent. Thereafter, a like petition by the same relators and against the same respondent was filed in cause No. 27625. The cases have been consolidated by an order of this court. The issues are presented on the pleadings, as questions of law.

From the record in cause No. 27614, it appears that on October 19, 1941, William Mohlman, upon a trial before the court without a jury in the criminal court of Cook county, was found guilty of the crime of larceny as charged in two separate indictments. At the same time he was found guilty of the crime of robbery, as charged in another indictment. The court entered a separate judgment in each case. Mohlman was sentenced to the penitentiary in each case, the sentences to run concurrently.

From the record in cause No. 27625, it appears that Orrin Luster, on December 2, 1941, on his pleas of guilty, was sentenced to the penitentiary for the crime of larceny, in five separate cases, by the criminal court of Cook county. It was specified in each of the judgments that the sentences were to run concurrently.

All of the judgments here involved were entered prior to the decision in *People* v. *Montana,* 380 Ill. 596, holding the 1941 amendment to the Parole Act invalid. (Ill. Rev. Stat. 1941, chap. 38, par. 801, *et seq.*) No proceedings were taken by the defendants to review the judgments entered against them. They were delivered to the warden

of the penitentiary in due course under *mittimuses* issued in accordance with the judgments. Thereafter, in May, 1943, a petition for a writ of *habeas corpus* was filed by Luster. A like petition was filed on behalf of Mohlman. The petitions were filed in the criminal court of Cook county. Upon a hearing, respondent Sbarbaro entered an order in each case, discharging the prisoner. The petitions in this case were thereafter filed in this court. The prayer of each petition is that a writ of *mandamus* issue to compel respondents Sbarbaro and the criminal court of Cook county to expunge said orders of discharge from the records of said court.

Relators here contend that, although the judgments each contained a recommendation of the maximum and minimum term to be served, in accordance with the invalid amendment of 1941, nevertheless the judgments were valid; that such judgments constituted lawful sentences under the indeterminate sentence provision of the Parole Act and were not affected by inserting therein the recommendation under said invalid amendment; that the recommendation, as to the maximum and minimum term of imprisonment, was void and ineffective; that such recommendation should be wholly disregarded and the judgments sustained as judgments under the Parole Act for the maximum term provided by law for the offenses of which the defendants were convicted. We held in the *Montana case* that the entire amendment of 1941 to the Parole Act was invalid, leaving that act in force as it existed prior to said amendment.

On the other hand, respondent contends first, that sections 2 and 3 of the Parole Act, as amended in 1941, are valid; that said sections were unaffected by the other sections of the amendment, which are conceded to have been properly held invalid in the *Montana case*. It is argued by respondent that the *Montana case* should be overruled in so far as it held sections 2 and 3 of the 1941 amendment invalid. It is said that if sections 2 and 3 of the 1941

amendment be held valid, then the recommendations contained in the judgments were also valid; that Luster and Mohlman were each sentenced to a maximum term of eighteen months' imprisonment; that the terms of imprisonment had expired and they were entitled to discharge, under section 22 of the Habeas Corpus Act. Ill. Rev. Stat. 1943, chap. 65, par. 22.

Respondent's second contention is that even though the entire 1941 amendment was invalid, as held in the *Montana case,* still, there having been no proceedings to review said judgments, the recommendations are a part of the judgments; that even though the unauthorized recommendations as to the maximum and minimum term to be served, were included in the judgments under the authority of the invalid amendment, nevertheless the judgments were not questioned by anyone, and are lawful judgments and sentences for the maximum term of eighteen months; that this term had expired and the prisoners were entitled to be discharged.

Section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1943, chap. 65, par. 22,) prescribes the causes for which a court may discharge a prisoner on *habeas corpus* where, as in this case, the prisoner is held on the process of a court. That section provides that where the prisoner is in custody by virtue of process of any legally constituted court, he can be discharged only for the reasons enumerated in said section. Said causes are there set out in seven numbered subparagraphs. Subparagraph 1 authorizes such discharge where the court imposing the sentence has exceeded its jurisdiction. The power of the criminal court of Cook county to enter judgment sentencing a defendant convicted of a felony, to the penitentiary, is not here questioned. Subparagraph 2 authorizes the discharge where the original imprisonment was lawful but where some subsequent event has occurred which entitles the prisoner to discharge. The remaining causes there named are immaterial here.

The last sentence of that section is as follows: "No court or judge, on the return of a *habeas corpus,* shall, in any other matter, inquire into the legality or justice of a judgment or decree of a court legally constituted." The legality of the original imprisonment not being challenged, the inquiry is limited to the question of whether the maximum term for which the defendants were sentenced has expired.

By the petition for the writ of *habeas corpus* in the Luster case he alleged that he was sentenced to the penitentiary for a maximum term of eighteen months, in five separate cases, for larceny. All of said sentences were to run concurrently. He further alleged that he had served the maximum term of eighteen months. The return of the warden shows that the criminal court in each case imposed a sentence "pursuant to the provisions of the statutes under which each of such indictments, respectively, were found, of imprisonment in the Illinois State Penitentiary for a period of not less than one nor more than ten years. In each of such judgments the court made and pronounced recommendation that the relator be imprisoned for not less than one year nor more than eighteen months." The return denied the allegation in the petition that the sentence had been served. No traverse or denial of any fact stated in the return was filed. The cause was submitted to respondent on the petition and return.

In the Mohlman case it was alleged in the petition for *habeas corpus* that the imprisonment of Mohlman was illegal and unlawful for the reason that he pleaded not guilty to the charges in the three indictments and waived trial by jury; that he was tried and found guilty by the court; that he was sentenced by the court to imprisonment, under two of said indictments, for terms of one to ten years, for the crime of larceny; that he was sentenced under the third indictment for a term of one to twenty years, for robbery. It is further alleged that, after hearing evidence in mitigation, the trial judge "did recommend

in passing sentence, that Relator's imprisonment extend for not less than one year nor more than eighteen months, and such recommendation was spread upon the records of the court and incorporated in the writ of mittimus as the sentence under the purported authority of which Relator is now restrained of his liberty." It was then alleged that he had already served more than eighteen months and was entitled to be discharged. From the record in his case it appears that the judgments entered were as follows: "said Defendant William Mohlman be taken from the bar of the Court to the Common Jail of Cook County, and from thence by the Sheriff of Cook County to the Illinois State Penitentiary, and be delivered to the Department of Public Welfare and the said Department of Public Welfare is hereby required and commanded to take the body of the said Defendant William Mohlman and confine him in said Penitentiary according to law, from and after the delivery thereof, until discharged according to law, provided such term of imprisonment in said Penitentiary shall not be less than one year nor more than ten years, for the crime for which the said Defendant was convicted and sentenced. And the Court having heard evidence, Judge Julius H. Miner, hereby advises and recommends that the minimum limit or the duration of such imprisonment shall be one (1) year and that the maximum limit or duration of such imprisonment shall be eighteen (18) months."

In Mohlman's case it was also alleged in the petition that he entered the pleas of guilty under the promise of the State's Attorney that he would be sentenced to imprisonment for a maximum term of eighteen months. This was an issue wholly beyond the jurisdiction of respondent to consider in the *habeas corpus* case. In taking and considering evidence on that issue, respondent went beyond his jurisdiction. This amounted to a plain attempt to review the action of the court by which the sentence was imposed. It was a collateral attack on the judgment of conviction

and an attempt to review that judgment. No such question could be lawfully considered by any court on *habeas corpus*. *People* v. *Kelly,* 352 Ill. 567; *People* v. *Williams;* 334 Ill. 241; *People* v. *Williams,* 330 Ill. 150; *People* v. *Murphy,* 188 Ill. 144.

The statute, as it existed prior to the 1941 amendment, provided that in all cases within the indeterminate sentence provisions of the Parole Act, the sentence shall be a general sentence and that the courts shall not fix the limit or duration of imprisonment. "The term of such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted." (Ill. Rev. Stat. 1939, chap. 38, par. 802.) Under repeated decisions of this court, such a sentence is a definite sentence for the maximum term provided by law for the offense for which the sentence is imposed. *People* v. *Lewis,* 376 Ill. 509.

The judgments in both cases were entered strictly in the form required by law and approved by this court in numerous cases, except that the trial judge, in compliance with the invalid amendment of 1941 to the Parole Act, included a recommendation as to the minimum and maximum term to be served. The maximum term specified in the recommendation was less than the maximum term fixed by the statute for the offense of which the defendants were convicted. This was, in form, a recommendation to the Department of Public Welfare, an administrative division of the State Government, as to the time when the prisoners would be eligible to parole and discharge.

Upon these records the argument of respondent is, that this court held in the *Montana case* that the recommendation was a part of the judgment; that it being a part of the judgments in these cases, it modified the language of the judgments preceding it, by which the defendants were sentenced to imprisonment for the indeterminate terms provided by law for the offenses of which they were con-

victed; that as so modified the maximum term of imprison- ' ment fixed by the judgments was eighteen months, which has been served, in each case. This conclusion is the result of a misapprehension of the effect of the decision in the *Montana case*. The language referred to in the opinion in that case was used in discussing the effect of the amendment, if valid. In this respect, the language used was appropriate. The amendment, if valid, clearly contemplated that the recommendation should be a part of the judgment and should be effective as such, unless set aside by the Division of Correction with the approval of the Director of Public Safety, in the manner provided in the amendment. This provision vested in the Division of Correction and the Director of Public Safety the power to set aside the advisory recommendation, which the amendment provided should be a part of the judgment. As there pointed out, the provision vesting in an administrative body the power to change the judgment of the court, rendered the entire amendment invalid. The question of the effect of such recommendation being included in the judgment, under the law as it existed prior to the adoption of the invalid amendment, was not involved in that case and, necessarily, was not considered. What was there said was applicable to the amendment and not to the law as it existed before the amendment was adopted.

The decisive question here is to determine the duration of the sentences imposed. As already observed in each case, the defendant was sentenced to a term of imprisonment for not less than "the minimum nor greater than the maximum term provided by law for the offense of which he was convicted." This was strictly according to the plain requirement of the statute. Each of these sentences was followed by language purporting to be a recommendation of the trial court that the defendant be required to serve not less than one year nor more than eighteen months, in accordance with the invalid amendment of 1941. This

amendment was invalid and wholly inoperative. An invalid law is no law at all. It confers no rights and imposes no duties. (*Chicago, Wilmington and Vermilion Coal Co. v. People,* 214 Ill. 421.) The effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment. (*People* v. *Schraeberg,* 347 Ill. 392; *People* v. *Fox,* 294 Ill. 263.) In the *Montana case,* after holding the entire amendment of 1941 invalid, we said, "It follows that the Sentence and Parole Act as it existed prior to those amendments of 1941 affords the only guide to be followed in sentencing prisoners convicted of crime."

At the time the judgments here involved were entered, the law was precisely as it existed prior to the passage of the invalid amendment. Having been convicted of the crimes charged, the only right Luster and Mohlman had was the right to be sentenced according to the law then in force. They were sentenced according to the existing law. But the court, believing that it had the right and was required, by the invalid amendment, to do so, went further, and attempted to specify a maximum term of imprisonment different from that provided by law. Its only authority for doing this was the invalid amendment, which was no authority at all. The court, after having lawfully sentenced the defendants according to the statute, went beyond its jurisdiction and included the recommendation that the maximum term of imprisonment be less than the maximum term provided by law, in the judgments. In doing this, its acts were unauthorized and void. Its unauthorized and void acts had no effect whatever on the lawful judgments entered.

That portion of an order, judgment or decree of a court having jurisdiction of the subject matter and the parties, to a controversy, which is in excess of that jurisdiction, is as futile as an entire decree without any jurisdiction. *Michigan Trust Co.* v. *Ferry,* 175 Fed. 667.

In a case where a court has full jurisdiction to render one kind of a judgment and renders one including that which it had a right to render, and something more, the excess is simply void. *Ex parte Lange,* 18 Wall. 163, 21 L. ed. 872; *Day* v. *Micou,* 18 Wall. 156, 21 L. ed. 860.

In *Belford* v. *Woodward,* 158 Ill. 122, this court said: "When two matters adjudicated upon by a judgment are shown upon the face of the judgment record to be easily and naturally separable, and one of them to be within the jurisdiction of the court, and the other to be beyond its jurisdiction, the judgment may be held to be valid as to the former matter, and void as to the latter. In such case, the judgment will be sustained so far as it adjudges what the court has the power to adjudge as being within the issue, and will be void so far as it attempts to adjudicate upon what is beyond its power as being outside of the issue." The same rule was announced and followed in *People* v. *O'Donnell,* 291 Ill. 178; *People* v. *Siracusa,* 275 Ill. 457; *Helmuth* v. *Bell,* 150 Ill. 263; *People* v. *Seelye,* 146 Ill. 189. See, also, 34 C. J. p. 510, sec. 812.

In the cases here involved, when the defendants were convicted of the crimes charged, the court had jurisdiction of the parties and the subject matter. It had jurisdiction to enter the judgments provided by statute. The statute provided: "That, except for the crimes enumerated in section one of this Act, every sentence to the penitentiary or to the reformatory for women, and every sentence or commitment to any other State institution now or hereafter provided by law for the incarceration, punishment, discipline, training or reformation of persons convicted and sentenced to, or committed to such institutions (not including, however, county jail) shall be a general sentence of imprisonment, and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment. The term of such imprisonment or commitment shall be for not less than the minimum

nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed." Ill. Rev. Stat. 1939, chap. 38, par. 802.

This was the extent of the jurisdiction of the court in entering the judgments. It was prohibited by the express language of the statute from fixing or limiting the maximum term or duration of the imprisonment to a shorter term than the maximum provided by statute. Its attempt, by the inclusion of the recommendations, to fix or limit the duration of the imprisonment, different from that provided by statute, was beyond its jurisdiction and wholly void. Under the above rule, this did not affect those parts of the judgments which the court had jurisdiction to enter. In *Semmes* v. *United States*, 1 Otto, 21, 23 L. ed. 193, it was said: "It is settled law that a judgment may be good in part, and bad in part—good to the extent it is authorized by law, and bad as to the residue."

This is not a case where a judgment was entered under the authority of an unconstitutional law and rights acquired under such judgment by the service of the sentence imposed. The judgments here were entered under section 2 of the Parole Act as enacted in 1917. (Laws of 1917, p. 354.) They were, in no sense, dependent upon the 1941 amendment for their validity. The validity and force of the judgments is exactly the same as if the 1941 amendment had not been passed. The passage of that amendment did not change the existing law. The provisions of that section, relating to the sentence and commitment of persons convicted of crime, as originally enacted, up to the time the judgments here involved were entered, had never been changed. The judgments were entered under a valid law, the constitutionality of which had been sustained in many cases by this court. Having entered the judgments under a valid law, and in strict accordance with that law, the court attempted to reduce the maximum term of the imprisonment under the au-

thority of an invalid law—the amendment of 1941. This it could not do. The cases cited as to the effect of a judgment entered under the authority of an unconstitutional law, after the judgment has been satisfied, are not material for the reason that no such situation here exists.

The result is that Luster and Mohlman were lawfully sentenced under a valid law which had been in full force and effect since 1917, for the maximum term provided by law for the offenses of which they were convicted. The inclusion of the recommendations in the judgments, purporting to reduce the maximum term of the sentences imposed, under the authority of the invalid amendment of 1941, was without lawful authority, and void. This unauthorized act had no effect whatever upon the lawful sentences imposed.

When these records were presented to respondent by the *habeas corpus* proceedings, it clearly appeared that the maximum terms of imprisonment imposed by the judgments had not been served. That being true, respondent had no jurisdiction to discharge the relators. They were held on lawful process. Their imprisonment was lawful in its inception. No subsequent event had occurred which entitled them to discharge under section 22 of the Habeas Corpus Act. Respondent had no jurisdiction to inquire, in any other manner, into the legality or justice of the judgments of conviction.

Due to the fact that Judge Sbarbaro's assignment to the criminal court had expired at the time the petitions in this case were filed in this court, the criminal court of Cook county was also named as a respondent. There was, however, no answer or appearance, except the answer and appearance of respondent Sbarbaro.

In each case the writ of *mandamus* is awarded against both respondents.                    *Writs awarded.*

Mr. JUSTICE GUNN, dissenting.