(No. 28835.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES WILSON, Plaintiff in Error.

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

HERBERT M. WETZEL, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

This case was before us on writ of error to the criminal court of Cook county in *People* v. *Wilson,* No. 28338, [not reported,] and the judgment was reversed on confession of error by the Attorney General and remanded to the criminal court of Cook county, with directions to enter a proper sentence, pursuant to law.

The plaintiff in error, referred to as the defendant in this opinion, was indicted on May 29, 1941, in the criminal court of Cook county for embezzlement, obtaining money and goods by means of the confidence game, and grand larceny. He waived a jury trial and the case was submitted to the court where, upon hearing, the court found the defendant guilty of grand larceny of property valued at $1400, and he was sentenced to the Illinois State Penitentiary for the period of one to ten years, the judge recommending that the minimum limit or duration of such imprisonment be four years and that the maximum term be ten years. On December 8, 1944, hearing was had before the criminal court of Cook county for the purpose of entering proper sentence, as directed by this court, and defendant elected to be sentenced under the new Sentence and Parole Act approved June 2, 1943, effective July

1, 1943. At that hearing the court resentenced defendant to a term of one to ten years and fixed the minimum term of imprisonment at not less than one year and the maximum term at not more than four years, as provided by law, and judgment was pronounced upon the defendant.

The record shows that the defendant, who was sixty-four years of age, had already served three years in the penitentiary under his former sentence, and his counsel stated to the court that "Wilson does not feel after serving time and giving up that much of his liberty under the 1941 law, he ought to go back to the penitentiary and serve another eleven or twelve or fourteen months." The trial court took the position that under the remanding order from the Supreme Court there was no discretion left to the trial court except to sentence on the verdict, unless the defendant wanted whatever advantage that might accrue to him under the new law. The trial court stated that it was his duty to resentence the defendant for an indeterminate sentence of one to ten years, but advised the defendant if he chose he could elect to enter that sentence with the fixing of the minimum and the maximum by the court, and after the defendant conferred with his counsel, he stated that "By advice of counsel, I feel that I should make myself amenable to the new law." The court stated that by virtue of the defendant's writ of error reversing the case, he lost all the time that he was in the penitentiary. The court then sentenced the defendant for grand larceny to the Illinois State Penitentiary for an indeterminate sentence of one to ten years, and put the minimum as low as permitted under the law by reason of the situation, that is, at one year and the maximum at four. The court then replied to counsel for defendant that he could not give any consideration for the time served. "I am reducing the maximum of time of service from ten years to four years."

The defendant assigns errors as follows: (1) The court erred in sentencing the defendant without crediting

him for the time served under the original sentence; (2) the court erred in not sentencing the defendant as of the date of the original sentence on July 16, 1941; (3) the court erred in not sentencing the defendant *nunc pro tunc* as of July 16, 1941, and allowing credit for time served.

Defendant argues that he was sentenced from one to ten years on July 16, 1941, and again one to ten years on December 8, 1944, or a period ending December 8, 1954, aggregating fourteen years and some months, and he urges that the proper, fair and just way is to resentence the defendant as of the date of conviction, and thereby the defendant would get full credit for the time served under the old sentence. Defendant cites no Illinois decisions on this point, but cites a Kentucky case of *Jackson and Sims* v. *Commonwealth*, 187 Ky. 760, 220 S. W. 1045. The Kentucky case at page 764 said: "It would be an injustice as well as a flagrant invasion of their legal rights to require them to serve their terms or any part thereof, twice. Since they served ten days in the house of reform, they were entitled to ten days' credit on their eighteen months' sentence in the penitentiary, and the court should have adjudged their terms of eighteen months to begin with the date of their entering into the house of reform," and directed the trial court on remandment to resentence the defendants as of the date of their confinement in the house of reform. This was a *habeas corpus* case, and the court remanded the cause to the trial court for proper sentence because the trial court had sentenced the defendants to the wrong place. The sentence was not under an unconstitutional law, as in the present case, and was a definite sentence, and not an indeterminate sentence, as was the one in the case at bar. Furthermore, the procedure in Kentucky is different from the procedure in Illinois, because under our decisions the Illinois courts have no right on a *habeas corpus* proceeding to remand a prisoner for proper sentence, but the same must be done on writ of

error. Therefore, we do not consider the Kentucky case in point.

The new Sentence and Parole Act, approved June 2, 1943, which amended the Parole Law as to maximum and minimum sentences, provides in section 2 that: "The courts of this State, in imposing a sentence to the penitentiary * * *, shall fix the minimum and maximum limits or duration of imprisonment. The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense, and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor. * * * It shall be deemed and taken as a part of every such sentence, as fully as though written therein, that the Division of Correction, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment, may terminate the term of such imprisonment or commitment earlier than the maximum fixed by the court, as provided by Section 9." Section 7 provides that, unless a prisoner is earlier discharged, as provided in section 9 of this Act, the term of imprisonment of a prisoner or ward committed hereunder shall terminate at the expiration of the maximum limit or duration of imprisonment fixed by the court, making allowance in either event for good time as provided by law. A sentence under this statute is a definite sentence for the maximum term provided by law for the offense for which the sentence is imposed. *People ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581, 588; *People ex rel. Day* v. *Lewis,* 376 Ill. 509; *People* v. *Mikula,* 357 Ill. 481, 484.

It was the duty of the trial court to follow strictly the order of this court directing the trial court to resentence. *People ex rel. Kastning* v. *Militzer,* 301 Ill. 284; *Tribune Co.* v. *Emery Motor Livery Co.* 338 Ill. 537; *People ex rel. Andalman* v. *Finnegan,* 350 Ill. 109.

In view of the decisions in *People ex rel. Fensky* v. *Leinecke*, 290 Ill. 560, *People ex rel. Lucey* v. *Turney*, 273 Ill. 546, 553, and *People ex rel. Huber* v. *Whitman*, 277 Ill. 408, 411, the trial court was without authority to change the original judgment entered on July 16, 1941, as the prisoner was serving his sentence, and the court had lost jurisdiction of his person.

The recommendation which the statute required the court to make in imposing sentence is a part of the judgment of the court, and under our holding in the case of *People* v. *Montana*, 380 Ill. 596, that part of the judgment was erroneous and void. Under repeated decisions of this court, the proper procedure was for the trial court to resentence the plaintiff in error, in accordance with the provisions of the act of 1943, and in the case of *People* v. *Atkinson*, 376 Ill. 623, we held that this rule as to resentencing the defendant is not changed, even though the defendant has served a substantial part of his erroneous sentence. It was urged in the *Atkinson case* that the plaintiff in error had been confined in the penitentiary for more than eight years under the erroneous judgment and that he should be discharged, and, at page 627, we said: "The maximum time for the larceny of an automobile is twenty years, and whether plaintiff in error's imprisonment for such period of time entitles him to a release or other consideration is not a matter for the court on this record." Neither the *Atkinson case,* however, nor any of the other numerous decisions of this court since said time have decided the exact question now before us.

The trial court had no power to resentence the defendant *nunc pro tunc* as of the date of the original sentence on July 16, 1941, and the court's only power was to enter a proper sentence as directed in the mandate of this court, and the defendant having elected to have the sentence imposed under the new act of 1943, which took effect July 1, 1943, this sentence would have to commence after the

order of the trial court entered on December 8, 1944. Under the law of this State, the authority to pardon or parole is vested in another department of the government, and the judiciary have no right to usurp this power. (*People ex rel. Crowe* v. *Fisher,* 303 Ill. 430, 434.) The trial court had no authority, therefore, to allow the defendant credit for the time he had served, although it does appear from the record that the trial court stated that he could not give any consideration for the time served. "I am reducing the maximum time of service from ten years to four years," the judge's original recommendation having been not less than four years nor more than ten years, and the corrected sentence including the recommendation that the minimum be fixed at one year and the maximum at four years. It is clear from the record that the defendant has not served more than the maximum period of time of ten years fixed by the statute for the crime of grand larceny, and the trial court did not err in resentencing the defendant, with the recommendation that he serve not less than one nor more than four years.

The defendant earnestly contends that this court, in its remanding order, should "direct that the court in resentencing defendant fix the commencement of the term of the sentence, so that his statutory rights will commence as of his original incarceration and will inure to him definitely, to the end that he will not have to depend upon any probability that the Parole Board, or officials of the executive department, charged with carrying out the sentence, will give the defendant due consideration for his service * * *." However, under our form of government separating the various branches of our government, the judiciary has no right to control either the legislative or executive departments of the government. The trial court only, and not the Supreme Court in a *habeas corpus* proceeding or on writ of error, has the right in a criminal case to determine what the judgment and sentence

shall be within the limits of the law. (*People ex rel. Maglori* v. *Siman,* 284 Ill. 28.) Furthermore, the questions raised by defendant are left by the legislature to the Division of Correction. The relief sought by the defendant, therefore, rests with the Division of Correction and not with this court, and it is our conclusion that the resentence of the trial court was proper and that the judgment of the trial court should be affirmed.

*Judgment affirmed.*