## UNITED STATES ex rel. CARTER v. RAGEN, Warden.

### No. 9034.

Circuit Court of Appeals, Seventh Circuit.

Feb. 25, 1946.

Rehearing Denied April 5, 1946.

James Carter, of Joliet, Ill., for appellant.

George F. Barrett, Atty. Gen., for appellee.

Before EVANS and MAJOR, Circuit Judges.

PER CURIAM.

Petitioner filed a petition for a writ of habeas corpus in the District Court. By an order entered October 29, 1945, the lower court held that he was in lawful custody of respondent and was therefore remanded to such custody. From that order petitioner has appealed. The trial judge signed the requisite certificate of probable cause and this court allowed the prosecution of the appeal in forma pauperis.

The petitioner presents but one question in his petition for a writ of habeas corpus. He asserts that the trial judge as a part of the sentence in his case made a recommendation as to the minimum and maximum sentence to be served, and the statute providing for such recommendation (Ill.Rev.Stat.1941, Ch. 38, § 801 et seq.) was subsequently declared unconstitutional by the Illinois Supreme Court. People v. Montana, 380 Ill. 596, 44 N.E.2d 569. Upon this basis he contends that he is unlawfully detained and should be released. This presents a question of Illinois law which has been adjudicated adversely to petitioner's contention. People v. Sbarbaro, 386 Ill. 581, 54 N.E.2d 559. We are bound by this interpretation. Whitten v. Bennett, 7 Cir., 141 F.2d 295; United States v. Ragen, 7 Cir., 143 F.2d 774.

It is also apparent that petitioner has failed to show an exhaustion of his state court remedies. Under these circumstances, the lower court could have properly dismissed the petition for lack of jurisdiction. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978.

Affirmed.