(No. 29247.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM TYSON, Plaintiff in Error.

*Opinion filed March 20, 1946*

WILLIAM TYSON, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error appearing *pro se* and presenting the common-law record of his conviction in the criminal court of Cook county for the offense of crime against nature, complains that his sentence is illegal and unconstitutional and deprives him of due process of law. He was sentenced in October, 1944, for a term of not less than nine years nor more than ten years. Punishment for the crime of which he stands convicted, as fixed by the statute, was from one year to ten years.

Plaintiff in error contends that in sentencing him to a minimum of nine years and maximum of ten years the court erred, since the minimum fixed exceeded the maximum prescribed by law. This argument is based on his contention that the court, in imposing such a sentence, deprived him of good time allowance, which, if he receives it, limits the maximum term of ten years to six years and three months, therefore the minimum sentence of nine years exceeds the maximum where credit is given for good time and deprives him of the benefit for good time provided by statute.

The Sentence and Parole Act as amended in 1943 (Ill. Rev. Stat. 1945, chap. 38, par. 802, p. 1282,) revised the law in relation to fixing punishment and sentence, and provided for a system of paroles. Section 2 as amended provides that the courts, in sentencing one convicted of crime, "shall fix the minimum and maximum limits or duration of imprisonment. The minimum limit fixed by the court may be greater but shall not be less than the minimum term provided by law for the offense and the maximum limit fixed by the court may be less but shall not be greater than the maximum term provided by law therefor." By section 7 of the Sentence and Parole Act as amended in 1943, the Division of Correction is required to establish rules and regulations under which prisoners incarcerated in the penal institutions of the State may be

allowed to go on parole. As applied to the crime for which plaintiff in error stands convicted, where the accused is sentenced after the effective date of the amendment of 1943, that section provides that one so convicted shall not be eligible for parole after his commitment "until he or she shall have served the minimum limit or duration of imprisonment fixed by the court, * * * less good time allowed as provided by law."

It has been many times announced by the court that under the statutes of this State a sentence to the penitentiary is a sentence for the maximum term provided by law for the offense for which the sentence is imposed. (*People* v. *Wilson*, 391 Ill. 463; *People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581; *People* v. *Mikula*, 357 Ill. 481.) The statute referred to requires the court to fix the minimum and maximum limits or duration of imprisonment in the manner hereinbefore referred to.

The General Assembly has seen fit to leave it to the discretion of the Division of Correction to determine when a prisoner is entitled to parole. It is required to make rules governing the matter. It is not contended here that it has not done so, nor is there any basis for the contention that good time provisions are not applicable to the sentence entered here. Courts do not have anything to do with the allowance of "good time." That is a matter which is left by the General Assembly to the Division of Correction. *People* v. *Wilson*, 391 Ill. 463.

Plaintiff in error's contention that the fixing of the minimum sentence at nine years deprives him of his statutory right to earn good time is without merit. The sentence complained of was within the provisions of the statute and was proper. The judgment of the trial court is affirmed.

*Judgment affirmed.*