(No. 29788.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK HEARD, Plaintiff in Error.

*Opinion filed January 22, 1947.*

FRANK HEARD, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, and BAIRD V. HELFRICH, both of Peoria, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Frank Heard, was indicted in the circuit court of Peoria county for the crime of robbery. Upon his plea of guilty September 15, 1941, he was sentenced to imprisonment in the penitentiary for a term of from one to twenty years, and, in accordance with the invalid amendment to section 2 of the Parole Act, (Ill. Rev. Stat. 1941, chap. 38, par. 802,) there was incorporated in the judgment an advisory recommendation that the minimum and maximum terms of his imprisonment be not less

than ten nor more than twenty years. Plaintiff in error prosecuted a writ of error, and at the May, 1945, term of this court the judgment was reversed and the cause remanded with directions to enter a proper sentence upon defendant's plea of guilty. Upon remandment the cause was redocketed, and, on April 20, 1946, the circuit court entered judgment sentencing defendant to imprisonment in the penitentiary for a term of not less than five nor more than fifteen years. Plaintiff in error, appearing *pro se,* prosecutes this writ of error to review said last-mentioned judgment and sentence.

Only one error is assigned which is as follows: "The court erred in sentencing defendant to a term of five to fifteen years, for it did not properly allow credit for all time already served in prison under the invalid recommendation originally entered."

Plaintiff in error contends that under the original maximum sentence of twenty years, which is also the statutory maximum term of imprisonment for robbery, he would, after deduction of the good-time credit provided by law, be discharged at the expiration of eleven years and three months; that under the maximum term of his resentence, he must serve eight years and nine months, exclusive of credit for good time; and that this time which he must serve under the resentence, plus four years and seven months, the time which he has served under the original sentence, exceeds by two years and one month the maximum term of his original sentence and the maximum punishment provided by the statute for the crime of robbery. He therefore contends that the judgment of April 20, 1946, sentencing him to a maximum term of fifteen years, increased the punishment provided by law for the crime of which he was convicted and increased the term of the sentence which he was then serving as punishment for said crime. He argues that he should have been resentenced *nunc pro tunc,* as of September 15, 1941, the date of the

original judgment and sentence, or that in entering judgment of resentence his term of imprisonment should have been reduced sufficiently to compensate for the time served in prison under the original sentence, so that his total imprisonment under both sentences, together with the credit allowed for good time, would not exceed the maximum term of twenty years.

The legislature, at its 1941 session, amended certain sections, including section 2 of the Parole Act, and also added other sections thereto. Section 2, as amended at that time, provided that when a defendant was convicted of an offense subject to an indeterminate sentence, the sentence or commitment to the penitentiary or other State institution should be a general indeterminate sentence of imprisonment of not less than the minimum and not greater than the maximum term provided by law for the offense, and that the court sentencing such defendant should make an advisory recommendation, to be entered upon the record, recommending the minimum and maximum limits or duration of such imprisonment. In 1942, said section 2 and a part of the other sections included in the 1941 amendment to the Parole Act were held by this court to be unconstitutional and void. (*People* v. *Montana,* 380 Ill. 596.) In 1943, the legislature again amended the Parole Act. Section 2, as amended in 1943, provided that a court, when imposing a sentence upon a defendant for a crime subject to an indeterminate sentence of imprisonment, should fix the minimum and maximum limits or duration of such imprisonment, and further provided that the minimum limit fixed by the court might be greater but should not be less than the minimum term provided by law for the offense and that the maximum limit fixed by the court might be less but should not be greater than the maximum term provided by law therefor. Under this amendment of 1943, courts were, for the first time, authorized to exercise a

discretion as to the penalty in cases subject to the Parole Act. (*People* v. *Burnett*, 394 Ill. 420.) Since an invalid law is no law at all and wholly inoperative, the effect of the invalid amendment of 1941 was to leave the Parole law in force as it existed prior to the adoption of the 1941 amendment. (*People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581.) It necessarily follows that until the amendment of the Parole Act in 1943, the only guide to be followed in sentencing prisoners convicted of crime was said act as it existed prior to the 1941 amendment. (*People* v. *Panczko*, 390 Ill. 398; *People* v. *Lisle*, 390 Ill. 327; *People ex rel. Barrett* v. *Sbarbaro*, 386 Ill. 581; *People* v. *Montana*, 380 Ill. 596.) Prior to said 1943 amendment, the only judgment which could be entered in cases coming under the Parole Act was a sentence for the indeterminate term fixed by the statute. *People* v. *Burnett*, 394 Ill. 420.

When this case was redocketed in the circuit court of Peoria county for the entry of a proper judgment, as directed by the mandate of this court, it was the privilege of defendant, under section 4 of the act in relation to the construction of statutes, (Ill. Rev. Stat. 1945, chap. 131, par. 4,) if he should so elect, to be resentenced in accordance with the provisions of section 2 of the Parole Act as amended in 1943, under which the court was empowered to fix the minimum and maximum limits or duration of his imprisonment. Plaintiff in error prosecutes this writ of error upon only a certified copy of the penitentiary *mittimus*, showing by recital, as a part of the judgment, that defendant not only elected to have the court fix the minimum and maximum limits or duration of his imprisonment, but in fact requested that such minimum and maximum limits be fixed at not less than five years nor more than fifteen years, respectively. In the absence of a bill of exceptions, this recital in the record must be taken as true. It is a well-settled principle of law that an accused

may not ask the court to proceed in a given manner and then assign as error in a court of review the ruling or action which he procured. *People* v. *Ficarrotta,* 385 Ill. 108; *People* v. *Clements,* 316 Ill. 282.

In *People* v. *Wilson,* 391 Ill. 463, we held that where a defendant elects to be resentenced under the Parole Act of 1943, the trial court has no power to resentence him *nunc pro tunc* as of the date of his original sentence and no authority to allow him credit for the time served under the original sentence. And in *Harris* v. *People,* 138 Ill. 63, we held that where a judgment was reversed for resentence because the defendant was not personally present when originally sentenced, the court in entering judgment upon remandment had no discretion or authority to credit the defendant with the time he had served in the penitentiary before reversal. The trial court only, and not the Supreme Court on a writ of error, has the right in a criminal case to determine what the judgment and sentence shall be, within the limits of the law. *People* v. *Wilson,* 391 Ill. 463.

The maximum term fixed by the statute for the crime of robbery is twenty years. (Ill. Rev. Stat. 1945, chap. 38, par. 501.) Twenty years was also the maximum term of defendant's original sentence. It cannot be disputed that fifteen years, (the maximum term of the corrected sentence) plus four year and seven months, (the time served in prison under the original sentence) equals less than twenty years. Courts have nothing to do with the allowance of "good time." (*People* v. *Tyson,* 393 Ill. 108.) The diminution of sentence because of a prisoner's good conduct is a matter over which the courts have no control. It is clear that defendant's original sentence of a maximum term of twenty years was not increased by the corrected sentence of a maximum term of fifteen. Therefore, the authorities cited by defendant as holding that a sentence may not be increased can have no application. The action of the trial court in reducing defendant's maximum term of imprison-

ment from twenty to fifteen years indicates that in so doing due consideration was accorded the fact of defendant's incarceration for four years and seven months under the original sentence.

No error appearing in this case, the judgment and sentence of the circuit court of Peoria county are affirmed.

*Judgment affirmed.*