(No. 30751.—)

The People of the State of Illinois, Defendant in Error, *vs.* Glenn Ross Griffin, Plaintiff in Error.

*Opinion filed January 19, 1949.*

GLENN ROSS GRIFFIN, *pro se*.

GEORGE F. BARRETT, Attorney General, of Springfield, and MAX A. WESTON, State's Attorney, of Rockford, (DALE F. CONDE, of Rockford, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Glenn Ross Griffin, was indicted together with Lawrence M. Griffin and Leone Estelle Boos at the October term, 1946, of the circuit court of Winnebago County, for the crimes of burglary and larceny, and on another count for violation of the Habitual Criminal Act.

Upon being arraigned the defendant requested the appointment of counsel, which request was allowed by the court, and an attorney was appointed and a plea of not guilty entered. He was tried before a jury and found guilty of burglary and larceny, and by a separate verdict found guilty of violation of the Habitual Criminal Act. A motion for new trial was denied, and plaintiff in error was sentenced to the penitentiary for a term of not less than five years nor more than life on the count charging burglary, and not less than five nor more than ten years on the count charging larceny, said sentences to run concurrently. Sentence was not imposed upon the count finding him guilty under the Habitual Criminal Act.

The case comes to this court upon the common-law record without a bill of exceptions. He assigns as error: (1) That the court had no power to sentence the plaintiff in error for two crimes charged in one indictment; and (2) that the act of 1943 in relation to fixing punishment and the sentence and commitment of persons convicted of crimes or offenses and providing for a system of parole is

unconstitutional and void. He also assigns as error the refusal of the court to allow compulsory process for obtaining witnesses in his favor; that he was compelled to give evidence against himself; that evidence was obtained under duress; and that evidence of previous crimes was erroneously admitted during his trial.

Only the first two grounds of error set out above are cognizable in this case. No bill of exceptions was saved, or signed, and there is nothing before this court pertaining to the errors assigned other than the first two.

The law is well settled that a count for larceny may be joined in the same indictment with a count for burglary, and that upon the defendant being found guilty two sentences running concurrently may be imposed upon the verdict. In *People* v. *McMullen*, 400 Ill. 253, we held such a procedure was valid, and constituted no error, saying: "in pleading the facts of a single transaction it is permissible to state the offense in different ways in as many different counts as the pleader may think necessary. In application of this principle a count for larceny may be joined in the same indictment with a count for burglary and such offenses may be joined in the same count. [Citations.]" In that case substantially the same judgment was rendered as here, and with respect to such judgment the court said: "A conviction of the offense pleaded in the indictment did not permit the imposition of penalties as for separate and distinct offenses, but it does not appear plaintiff in error's rights are prejudiced. He was sentenced for burglary to one year to life, and for larceny one to ten years, both of which were to run concurrently." We cite many authorities in that case sustaining this proposition, and consequently the first error assigned is without merit.

The second error assigned, that the sentence imposed under the Parole Act, as amended in 1943, is unconstitutional, has been decided against the contention of plaintiff in error in *People* v. *Norwitt*, 394 Ill. 553; *People* v. *Tyson*,

393 Ill. 108; *People* v. *Wilson,* 391 Ill. 463, and other cases. There is no merit to this contention.

The remainder of the errors assigned may not be considered by this court because the plaintiff in error has based his appeal upon the common-law record alone, and therefore, there being no report of proceedings or bill of exceptions showing the matters set out in the other assignments of error, there is nothing for this court to consider, because such errors cannot be considered without evidence certified in a bill of exceptions. This principle is well settled, as pointed out in the *McMullen case,* cited above, as well as other authorities too numerous to mention.

There is no merit to the contentions of plaintiff in error, and consequently the judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*