(No. 33557.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE TRAYNERE, Plaintiff in Error.

*Opinion filed November 23, 1955*

GEORGE TRAYNERE, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The plaintiff in error brings this writ of error, *pro se,* on the common-law record to review his convictions and sentences on four indictments to which he pleaded guilty in the criminal court of Cook County.

Indictments numbered 52-0943, 52-0944 and 52-0945 each contained a count for larceny of a motor vehicle and a count for larceny of a motor vehicle which alleged the value of the vehicle. Each judgment found him guilty of larceny of a motor vehicle in manner and form as charged in the indictment. On indictment No. 52-0943 the court imposed a sentence of not less than nineteen years and not more than twenty years. On indictment No. 52-0944 the sentence was for not less than three nor more than twenty years, said sentence not to commence until the expiration of his imprisonment in "Case No. 52-943." On indictment No. 52-0945 the sentence imposed was for a term of not less than three nor more than twenty years, this sentence not to commence until the expiration of his imprisonment in "Case No. 52-944." The fourth indictment, No. 52-2144, charged robbery while armed, upon which a sentence of not less than five nor more than fifteen years was

imposed and ordered to run concurrently with the sentence imposed in cause "General Number 52-943." No error is assigned on this sentence.

Plaintiff in error contends that an indictment which contains a count alleging the value of the motor vehicle stolen charges grand larceny, and upon a plea to such an indictment the sentence is controlled by the penalty for grand larceny which cannot exceed ten years. Ill. Rev. Stat. 1953, chap. 38, par. 389.

This precise issue was presented to us in *People* v. *Sobucki*, 387 Ill. 358. We there held that a finding of guilty in manner and form as charged in the indictment, without a finding of value, was an adjudication of guilt of the crime of larceny of a motor vehicle, and not grand larceny. Larceny of a motor vehicle, where there is no finding of value, is a separate and distinct offense from grand larceny. (*People* v. *French*, 387 Ill. 16.) Plaintiff in error was properly sentenced under the statute for larceny of a motor vehicle in each of these indictments.

It is next contended that the court's attempt to impose consecutive sentences fails because of the errors in the records wherein sentence in case No. 52-0944 was to commence upon the expiration of sentence in case "52-943," which should have been 52-0943, and sentence in 52-0945 was to commence upon the expiration of sentence in "52-944," which should have been 52-0944. Plaintiff in error contends that there are no sentences imposed against him in cases numbered 52-943 and 52-944, the sentences in 52-0944 and 52-0945 do not clearly define the limits of his sentences, or require the aid of a court for their construction, and these causes should be remanded for proper sentences.

Where a defendant is convicted of more than one offense the imposition of concurrent or consecutive sentences is discretionary with the court. (*People* v. *Vraniak*, 5 Ill. 2d 384.) When consecutive sentences are imposed the limits

of such sentences must be clearly defined so that the termination of the first and the commencement of the second may be definitely determined from the record. (*People* v. *Dennison*, 399 Ill. 484.) A sentence which is ordered to begin at the expiration of a sentence previously imposed is definite, certain and valid. *People* v. *Loftus*, 395 Ill. 479; *People* v. *Ferguson*, 410 Ill. 87.

We do not regard these clerical errors as creating any uncertainty or ambiguity as to the commencement of these sentences. Each cause is properly numbered both in the caption and the body of the record and each judgment and sentence is properly entered under that number. In cause number 52-0944 the judgment order properly imposes a sentence of three to twenty years, and then continues:

"And it appearing to the court that the defendant George Traynere in cause No. 52-943 has on the seventh day of August A.D. 1952, been sentenced by this court to imprisonment in the Illinois State Penitentiary for a term of nineteen years to twenty years for the crime of Larceny or Motor Vehicle, to wit: An automobile in manner and form as charged in the indictment.

"It is therefore ordered and adjudged that the imprisonment of said Defendant George Traynere under the sentence imposed against him in the pending Case No. 52-944 shall not commence until the expiration of the imprisonment under said sentence of said defendant for said crime of Larceny of Motor Vehicle, to wit: automobile in manner and form as charged in the indictment."

These two paragraphs are entered in the record of the case numbered both in the caption and body as cause No. 52-0944. Subsequently referring to the pending case as "52-944" makes the clerical omission of the cipher from the last number so apparent that there is no room for any uncertainty as to the identification of the cause. It is equally obvious and readily ascertainable from the record that the cipher was omitted in the reference to "Case No.

52-943." The order names the defendant, identifies the court as being the same court, and states the date of the previous sentence as the same date.

The alleged error in cause No. 52-0945 is identical with 52-0944.

These clerical errors are clearly apparent on the face of the record and do not vitiate the sentences, the limits of which are clearly and definitely fixed and are readily ascertainable by examination of the entire record. To reverse these sentences and remand to correct these clerical errors would be but to penalize plaintiff in error since the trial court could not impose sentences *nunc pro tunc* as of the date of the original sentences. *People* v. *Wilson,* 391 Ill. 463.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*