## EX PARTE J. BEDFORD ROBERTS.

CRIMINAL LAW—UNCERTAINTY IN SENTENCE. Where a person was sentenced to imprisonment in the State prison for a term of one year, to commence upon the expiration of another term; and one year afterwards the first judgment and sentence were adjudged void: *Held*, on habeas corpus, that the sentence either commenced to run immediately on rendition and had expired, or it was void for uncertainty, and in either case the prisoner was entitled to his discharge from the State prison.

VOID JUDGMENT VOID AB INITIO. Where on appeal a conviction for crime is adjudged void, it is not the decision of the Supreme Court that makes it void; it is void *ab initio*.

HABEAS CORPUS before the Supreme Court. The writ was issued on the petition of A. C. Ellis, and directed to P. C. Hyman, warden of the State prison. In his return the respondent set forth that he held Roberts in custody by virtue of a judgment of the district court of Ormsby County, rendered on March 11, 1872, sentencing him to imprisonment for the crime of State prison breaking; that he had held him from July, 1871, by virtue of a sentence to a term of ten years for highway robbery; that on May 7, 1873, the judgment and sentence for highway robbery had been reversed (*State* v. *Roberts*, 8 Nev. 239); and that since such reversal he had held him only under the first mentioned judgment.

The return contained a copy of the judgment and sentence, from which it appeared that Roberts was one of a number who had escaped from the State prison on September 17, 1871. Being afterwards apprehended and indicted for prison-breaking, they pleaded guilty and were sentenced to imprisonment in the State prison for the term of one year, "such term of imprisonment to commence upon the expiration of any term or terms of imprisonment which you may now be undergoing in said State prison."

*Ellis & King*, for Petitioner.

I.    The judgment of March 11, 1872, was void for uncertainty. It sentenced petitioner to a term of one year, to

commence upon the expiration of the term which he was at that time undergoing. The word "expiration," here used, means not the expiration of a term as matter of fact, but the expiration of a term as *matter of law*. As matter· of law, there was no term. The former conviction being void could not create any term. There never was a commencement of any such term, and necessarily there could not be any expiration of it. The term in question, therefore, as it was to commence upon such impossible expiration, never could commence.

II. If the judgment of March 11, 1872, ever took effect at all, it took effect immediately on its rendition; and, the term of one year therefrom being now expired, the petitioner is on this ground also entitled absolutely to his discharge.

*L. A. Buckner*, Attorney General, for Respondent.

I do not see how it can be a question in this case whether the judgment for robbery was void or voidable. From an inspection of that judgment, there is no doubt that the district judge had jurisdiction of the subject matter of the indictment and of "the person of the defendant." That judgment was not void, but only voidable. *Ex parte Tobias Watkins*, 3 Peters, 202. It was in force, however erroneous, until reversed. *Browne* v. *Commonwealth*, 4 Rawle, 259. A year has not expired since that reversal, and petitioner is therefore not entitled to his discharge.

By the Court, BELKNAP, J.:

Under a judgment of conviction for prison-breaking, the petitioner was on the 11th day of March, 1872, sentenced to confinement in the State prison for the period of one year, to commence upon the expiration of a term of imprisonment

which he was then undergoing for robbery.  The trial of the robbery case was had out of term, and upon appeal we decided that the judgment of the district court rendered therein was void, and ordered a new trial.  (*State* v. *Roberts*, 8 Nev. 239.)  The petitioner is confined in the State prison. Application is made for his release by writ of habeas corpus, upon the ground that the judgment of the 11th of March, 1872, is void for uncertainty, since it depends upon an impossible condition, or that the sentence thereunder commenced running upon its rendition, and has now expired by limitation.

In behalf of the State, it is contended that the sentence of the 11th of March, 1872, took effect upon the 7th day of May, 1873—the date of the reversal of the judgment in the robbery case.  The decision of this court did not make that judgment void; it was void *ab initio*, and the sentence and imprisonment under it were, in legal contemplation, nullities. Either the judgment of the 11th of March commenced to run upon its rendition or it is void for uncertainty, and in neither case is the warden of the State prison entitled to the custody of the prisoner.  A new trial having been awarded him, he must be remanded to the custody of the sheriff of Washoe County.

It is so ordered.