## Jackson and Sims v. Commonwealth.

(Decided April 27, 1920.)

### Appeal from Grant Circuit Court.

1. Criminal Law—Conviction of Youth Over Eighteen Years of Age—Judgment.—Young men over eighteen years of age, convicted of felony, should not be sentenced to the house of reform at Greendale but to the reformatory at Frankfort; but if the trial court at the instance of such defendants sentence them to the house of reform and they obtain their discharge from that institution by habeas corpus before the expiration of the term, the trial court may, upon motion of the Commonwealth's attorney, at a subsequent

term, enter a judgment to conform to the statutes in such cases, sentencing the defendants to the reformatory at Frankfort.

2.  Criminal Law—Conviction of Youth over Eighteen Years of Age—Jurisdiction.—The trial court does not lose jurisdiction to enter a proper sentence where it erroneously sentenced a youth over eighteen years of age to the house of reform at Greendale, but may, upon application of the Commonwealth's attorney and proper notice to the defendant, enter a proper sentence at a subsequent term.

3.  Criminal Law—Improper Sentence to House of Reform—Judgment.—Where one is improperly sentenced to the house of reform instead of to the reformatory at Frankfort and serves some part of the sentence in the house of reform, and the judgment is thereafter corrected and the defendant is sentenced to the reformatory at Frankfort, he should be given credit for the time served in the house of reform.

J. J. BLACKBURN and L. M. ACKMAN for appellants.

CHARLES I. DAWSON, Attorney General, and JOHN J. HOWE, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Two young men, Jackson and Sims, were jointly indicted in the Grant circuit court for the crime of grand larceny, to which charge they pleaded guilty. A trial being had, the jury returned a verdict reading:

"We, the jury, find the defendants guilty and fix their punishment at eighteen months in the penitentiary."

Jackson was only nineteen and Sims eighteen years of age, and these facts having been made known to the court, the defendants were sentenced to the house of reform at Greendale, instead of the penitentiary, at Frankfort. From the orders of the circuit court we learn that this was done at the instance of the defendants and by the consent of the attorney for the Commonwealth. The defendants were carried to the reform school and there confined under its rules for ten days. In the meantime they applied to the judge of the Fayette circuit court for a writ of *habeas corpus,* which was granted, and upon hearing they were discharged from the institution because of their age, and remanded to the Grant county jail. When this was done, the judge of the Grant circuit court called a special term, and the Commonwealth's attorney gave notice to the defendants that he would on a day named, move the court to correct that part of the original judgment whereby the defendants were

sentenced to the house of reform instead of the penitentiary. On a hearing before the court on the day named in the notice, the defendants objected to the motion of the Commonwealth's attorney, and filed a plea of former jeopardy and former conviction, to which the Commonwealth demurred and the demurrer was sustained, the objection of the defendants overruled and the motion to correct the sentence and again sentence the defendants was sustained. The court then pronounced sentence upon the defendants in accordance with the verdict, sentencing them to the penitentiary for eighteen months each, and directed the sheriff of the county to transport them to the state penitentiary, "there to be confined at hard labor for a period of eighteen months." To all this proceeding the defendants objected and their objection being overruled, they excepted and prayed and are now prosecuting an appeal to this court.

Appellants contend:

(1) That the Grant circuit court lost jurisdiction of this case after it adjourned its trial term, and had no power to enter any order in the case at the special or any subsequent term.

(2) They having served time in the house of reform under the first judgment, the trial court is barred from entering a second judgment which would operate as a second jeopardy in violation of defendants constitutional rights.

After the verdict of the jury, the court immediately pronounced sentence upon them and they were soon thereafter carried to the house of reform; the orders were signed and court closed in due course. Appellants insist that the court did not thereafter have jurisdiction to enter any order in the case. This is ordinarily true, but in a criminal case of this nature the rule is different. Most courts are averse to discharging criminals who have been duly convicted when the application for their release is by petition for *habeas corpus,* based on some error, omission or mistake in the sentence which might have been cured or corrected by appeal, and this rule is more in consonance with reason and justice than that which recognizes the right of the defendant to be discharged for some technical error committed by the trial court. This question was before this court in the case of Combs v. Commonwealth, 160 Ky. 396, and in passing upon it, we said:

"Appellant also complains of the action of the trial court in setting aside so much of the judgment entered at the trial term as sentenced him to the house of reform until he should be twenty-one years of age. At the trial term, February, 1914, appellant, on his own motion, was sentenced to the house of reform until he should arrive at the age of twenty-one years; and at the June term, 1914, the Commonwealth's attorney gave notice and entered a motion for a correction of that part of the original judgment. The court granted the motion, and reformed the judgment in so far as it ordered his confinement in the house of reform until he should arrive at the age of twenty-one years. Appellant contends that this action of the court was prejudicial; but we think not. It would not have been lawful to have sent appellant to the house of reform, and the prison commissioners would have transferred him to the reformatory. Thompson v. Commonwealth, 159 Ky. 8. And the order having been made on appellant's own motion, he will not be heard to complain thereof."

The general rule as laid down by text writers and courts is much as stated in the Combs case: "Changes in the sentence, however, which do not alter the punishment but only change the time or place of its infliction may be made at a subsequent term. 16 C. J. 1316." Supporting this text cases from New York, North Carolina, Wyoming and Kentucky are cited.

The rule in this jurisdiction is well stated in the Combs case above cited, and we do not incline to the rule of discharging defendants for errors made by the trial court in the sentence pronounced. The trial and verdict in this case were regular and no complaint is made of either by appellants. Only that part of the judgment which sentenced the prisoners to the house of reform instead of to the penitentiary was erroneous, and the judgment went so far as to properly provide in case the defendants, or either of them, arrived at the age of twenty-one years before they had served the full eighteen months' sentence imposed by the verdict, the keeper of the house of reform should deliver defendants to the state penitentiary, "there to be confined at hard labor for the balance of said eighteen months confinement imposed by the jury in said case."

Looking to the substance rather than to form, and to the merits rather than to useless rules of procedure, this

court has adhered to the doctrine of allowing the trial court at a subsequent term to correct an erroneous sentence to conform to the law, and thus meet the ends of justice rather than cling to a form or rule which obstructs justice and gives the criminal the advantage on some technical error. The only substantial error the trial court made at the special term in entering the judgment sentencing appellants to the penitentiary, was in failing to allow them credit for the time served in the house of reform. It would be an injustice as well as a flagrant invasion of their legal rights to require them to serve their terms or any part thereof, twice. Since they served ten days in the house of reform, they were entitled to ten days' credit on their eighteen months' sentence in the penitentiary, and the court should have adjudged their terms of eighteen months to begin with the date of their entering into the house of reform at Greendale. On a return of the case the court will enter a judgment sentencing the appellants to the penitentiary for a term of eighteen months to begin as of the date of their confinement in the house of reform. In all other respects the judgment is affirmed.

Judgment reversed.