## Owen v. Commonwealth.

(Decided May 11, 1926.)

### Appeal from Webster Circuit Court.

1. Criminal Law—Court, Erroneously Sentencing to House of Reform Defendant Released on Proof of Age, May After Term Correct Sentence to Confinement in Penitentiary.—Court erroneously sentencing to house of reform a defendant who procures his release on proof that he is over 18 years of age may

after term correct sentence to provide for confinement in penitentiary under rule that changes in sentence, not altering punishment, but only changing time or place of infliction, may be made at subsequent term.

2. Criminal Law—Judgment Sentencing to Penitentiary Defendant, who Procured His Release from House of Reform by Proof that he was Over 18, Without Opportunity to be Heard on Question of Age, is Erroneous.—Judgment sentencing to penitentiary defendant released from house of reform on proof that he was over 18 years of age, without giving defendant opportunity to be heard on question of age, but questioning him only as to whether he had any legal grounds against pronouncement of judgment, is erroneous.

3. Criminal Law—Judgment Sentencing to Penitentiary Defendant Released from House of Reform, Without Giving Credit for Time Served in Reform School, is Erroneous.—Judgment sentencing to penitentiary defendant released from house of reform on proof that he was over 18 years of age, without giving him credit for time served in reform school, is erroneous.

BLACKWELL & LISMAN, for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

At the April term of the Webster circuit court appellant was convicted of burning the garage of another, and his punishment fixed at imprisonment in the state penitentiary for one year. Thereupon the court heard proof as to the age of appellant, and, having adjudged him to be under 18 years of age, ordered that he be taken to the house of reform and confined there until he reached his majority. After reaching the house of reform he produced evidence satisfactory to the superintendent that he was then over the age of 18 years, and was thereupon discharged from custody and returned to Webster county. At its July term the court on its own motion reinstated the case on the docket, and, after entering an order reciting that at the time the verdict was rendered appellant was then above the age of 17 years, directed that the stay of the verdict be set aside and that appellant be confined in the county jail until such time as judgment should be pronounced against him and he should be transferred to the state penitentiary to perform the judgment of the court. At the same time he issued a *capias pro fine* which was executed on July 10, 1925. On July 29, 1925, appellant was brought into the court and asked if

he had any legal grounds to advance against the pronouncement of judgment. The only ground advanced was that the court was without authority to enter another judgment in the case at that time. This contention was overruled. Thereupon the court entered judgment directing that appellant be confined in the state penitentiary for a period of one year. From that judgment this appeal is prosecuted.

Following the rule that changes in the sentence which do not alter the punishment, but only change the time or place of its infliction may be made at a subsequent term, we have held that where the court had erroneously sentenced to the house of reform a defendant who had procured his discharge by *habeas corpus* it could even after the term correct its sentence so as to provide for confinement in the penitentiary. Jackson v. Commonwealth, 187 Ky. 760, 220 S. W. 1045. Of course, the manner of the defendant's discharge is not material, and the rule applies with equal force to a case where the defendant induces the superintendent of the reform school to release him on the ground that he was over 18 years of age. Therefore, if the court, after ordering appellant's arrest and giving him an opportunity to be heard on the question of his age, had corrected the judgment at a subsequent term so as to provide for appellant's confinement in the penitentiary, its jurisdiction would have been complete and its judgment valid; but the court did not proceed in that way. It first determined appellant's age without giving him an opportunity to be heard on the question, then ordered his arrest, and, on his being brought into court, he was asked if he had any legal grounds to advance against the pronouncement of judgment, and none having been shown the judgment sentencing him to the penitentiary was rendered. If it be argued that appellant was not prejudiced because he then could have objected to the judgment on account of his age and have introduced evidence on the question, the answer is that the admonition of the court did not fully acquaint him with his right to introduce evidence, and even if he had it would have been necessary for him to produce evidence of such a controlling character as to overcome the *ex parte* finding of the court. For this reason we are constrained to hold that the judgment is erroneous.

The judgment is also erroneous for the reason that it did not give appellant credit for the time that he served in the reform school. Jackson v. Commonwealth, *supra.*

On the return of the case the court will give appellant due notice and an opportunity to be heard on the question of his age.

Judgment reversed and cause remanded for proceedings in conformity with this opinion.