*In re* COWAN.

1. CRIMINAL LAW—SECOND OFFENSE—SENTENCE.
   One who was convicted of rape, his second felony, and then sentenced for 4 years, 4 months and 17 days to 7½ years under habitual criminal law, credit being given for time served under conviction for rape, *held*, properly sentenced under provision requiring sentence of 5 years to life for second offenders where second offense carried possible life sentence (3 Comp. Laws 1929, § 17338).

2. SAME—DEDUCTION FOR TIME SERVED UNDER SECOND SENTENCE.
   Upon sentencing second offender under habitual criminal law where second offense was a felony punishable by life imprisonment, deduction of time served under sentence for second offense from minimum for a second offender *held*, proper (3 Comp. Laws 1929, § 17341).

3. SAME—MINIMUM TIME FOR SECOND OFFENDERS.
   Under the habitual criminal law, a second offender must be sentenced a minimum of five years where second offense is punishable by life imprisonment, time already served on sentence for second offense being deductible (3 Comp. Laws 1929, §§ 17338, 17341).

*Habeas corpus* proceedings by Maceo Cowan with accompanying certiorari to John V. Brennan, Judge of Recorder's Court for the City of Detroit, to obtain release from branch of State prison at Marquette. Submitted April 29, 1938. (Calendar No. 39,975.) Release denied June 6, 1938.

*Maceo Cowan, in pro. per.*

*Raymond W. Starr,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L.*

*Brunner* and *Nicholas J. Wagener*, Assistant Prosecuting Attorneys, for the people.

Wiest, C. J. Petitioner, imprisoned under sentence in the branch of the State prison at Marquette, seeks release by writ of *habeas corpus*. An ancillary writ brings before us the record of the court proceedings against him.

In November, 1931, petitioner was convicted, in the recorder's court for the city of Detroit, of larceny from the person and placed on probation by that court for a period of two years. In February, 1936, in the same court, he was convicted of the crime of rape, for which the imprisonment might have been for life, and was sentenced to the Detroit House of Correction for not less than one and not more than five years. After such sentence an information was filed in the same court charging petitioner with having been convicted of a second felony. He was arraigned, pleaded guilty, and the court vacated the former sentence and sentenced petitioner to the branch of the State prison at Marquette for a term of not less than four years, four months and seventeen days, nor more than seven and one-half years. The court, in passing sentence, gave credit for the period petitioner had been in prison under his second conviction.

Petitioner contends that the sentence was contrary to law and, therefore, void.

The statute, under which the sentence was passed, provides:

"A person, who having been convicted within this State of a felony, or an attempt to commit a felony, or, under the laws of any other State, government or country, of a crime which if committed within this State, would be a felony, commits any felony

within this State, is punishable upon conviction as follows: If the subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than one-half of the longest term nor more than one and one-half times the longest term prescribed for a first conviction of such offense; if the subsequent felony is such that, upon a first conviction the offender might be punished by imprisonment for life then such person must be sentenced to imprisonment for life or for a term of not less than five years." 3 Comp. Laws 1929, § 17338 (Stat. Ann. § 28.1082).

Petitioner avers that the court "assumed to fix his maximum sentence in accordance with the first clause contained in the statute while fixing his minimum in accordance with the second clause contained therein," and contends that the minimum should have been two and one-half years, or one-half of the sentence imposed for the crime of rape.

Petitioner's second conviction was for the crime of rape and he could have been sentenced for life or, as was done, for a term of years. The sentence now being served by petitioner was properly imposed under the last part of the mentioned statute.

The court, in vacating the previous sentence, and sentencing petitioner as a second offender, acted within the provisions of 3 Comp. Laws 1929, § 17341 (Stat. Ann. § 28.1085), and in fixing the minimum term properly deducted from the new sentence all time actually served under the vacated sentence.

The court was required, under the mentioned statute, to sentence petitioner for a term of not less than five years. That was done, crediting time previously served, and petitioner is in error in enter-

taining the view that the minimum sentence under his last conviction could not exceed two and one-half years. The sentence was in accord with the provisions of the statute and valid.

Petitioner's release is denied.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.