PEOPLE *v.* HARWOOD.

1. CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT—EIGHTH AMENDMENT OF FEDERAL CONSTITUTION.
    Prohibition as to cruel and unusual punishments, contained in the eighth amendment to the Constitution of the United States, is a limitation upon the Federal government, not upon the States.

2. SAME—LENGTH OF IMPRISONMENT FOR FELONY.
    Length of imprisonment for felony is for legislative determination and is not subject to judicial supervision.

3. Same—Cruel and Unusual Punishment.

    Statutory penalty of 5 to 15 years for felony of placing ''near to any building, car, vessel or structure any foul, offensive or injurious substance or compound with intent to wrongfully injure, molest or coerce another in the use, management, conduct or control of his business or property'' *held*, not cruel and unusual punishment (Act No. 328, § 209, Pub. Acts 1931).

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 16, 1938. (Docket No. 90, Calendar No. 39,945.) Decided October 5, 1938.

William Harwood was convicted of placing a foul and offensive substance in a taxicab. Affirmed.

*Wm. E. Barrett*, for appellant.

*Raymond W. Starr*, Attorney General, *Joseph R. Joseph*, Prosecuting Attorney, and *Stephen J. Roth*, Assistant Prosecuting Attorney, for the people.

Wiest, C. J. The Michigan penal code, Act No. 328, § 209, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115–209, Stat. Ann. § 28.406), provides:

''Any person who shall place in, upon, under, against or near to any building, car, vessel or structure, any foul, offensive or injurious substance or compound with intent to wrongfully injure, molest or coerce another, or to injure the property or business of another, or to molest another in the use, management, conduct or control of his business or property, shall be guilty of a felony, punishable by imprisonment in the State prison for not less than five nor more than fifteen years.''

Defendant was convicted under this section of placing a foul and offensive substance in a taxicab, at its stand on a public street, rendering it unusable

for two weeks, and was sentenced to imprisonment for not less than 5 years nor more than 15 years, with a recommendation of 1 year. He prosecutes review under the claim that the penalty fixed by the statute is cruel and unusual punishment in violation of the State and Federal Constitutions.

The invoked provision of the Federal Constitution has no applicability. *Smith* v. *Wayne Probate Judge,* 231 Mich. 409 (40 A. L. R. 515). See *Collins* v. *Johnston,* 237 U. S. 502, 510 (35 Sup. Ct. 649), where the court stated:

"The eighth amendment is also invoked, with its prohibition of cruel and unusual punishment; but, as has been often pointed out, this is a limitation upon the Federal government, not upon the States. *Barron* v. *Mayor and City Council of Baltimore,* 7 Pet. (32 U. S.) 243, 247; *Pervear* v. *Commonwealth,* 5 Wall. (72 U. S.) 475, 480; *McElvaine* v. *Brush,* 142 U. S. 155, 158 (12 Sup. Ct. 156); *O'Neil* v. *Vermont,* 144 U. S. 323, 332 (12 Sup. Ct. 693); *Ensign* v. *Pennsylvania,* 227 U. S. 592, 597 (33 Sup. Ct. 321)."

Length of imprisonment for felony is for legislative determination and not subject to judicial supervision. See *People* v. *Morris,* 80 Mich. 634, 637 (8 L. R. A. 685); *People* v. *Smith,* 94 Mich. 644; *People* v. *Whitney,* 105 Mich. 622.

The conviction is affirmed.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.