*In re* DOELLE.

1. HABEAS CORPUS—RECORD—CERTIORARI.

Where complete record is before Supreme Court on petition treated as one for habeas corpus, Supreme Court treats the case the same as if it were also before the Court on certiorari.

2. CRIMINAL LAW—ACCEPTANCE OF PLEA OF GUILTY UNDER ONE COUNT—EFFECT.

The effect of the acceptance of plea of guilty to count of information charging larceny by stealing in a store was to free defendant from the charge of the greater crime of breaking and entering a building in the nighttime with the intent to commit larceny therein charged in another count (Act No. 328, §§ 110, 360, Pub. Acts 1931).

3. SAME—SENTENCE—LEGISLATURE—COURTS.

The length of imprisonment for a specific offense is a matter for legislative determination and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes.

---

REFERENCES FOR POINTS IN HEADNOTES

[2] Conviction or acquittal of larceny as bar to prosecution for burglary. 19 A.L.R. 626.

[3] 15 Am. Jur., Criminal Law, § 508.

[5, 7] 15 Am. Jur., Criminal Law, § 477.

[5, 7] Power of court to resentence after expiration of term of court at which an invalid sentence was imposed. 106 A.L.R. 847.

[5, 7] Power of trial court to change sentence after commitment or payment of fine. 168 A.L.R. 706.

[6] Withdrawal, modification, or denial of good-time allowance to prisoner. 127 A.L.R. 1203.

[7] Right to credit for time served under void sentence. 9 A.L.R. 958.

4. SAME—SENTENCE—HABITUAL CRIMINAL.

> Where a defendant who has been convicted of a felony is subsequently informed against under the habitual criminal statute and convicted thereunder, that statute specifically requires vacation of the previous sentence and deduction, from the new sentence then imposed, of all time actually served on the sentence so vacated, if required (3 Comp. Laws 1929, § 17341).

5. SAME—VOID SENTENCE—IMPOSITION OF LEGAL SENTENCE.

> If a trial court has imposed an illegal and void sentence, it has the power to substitute for it at a later time a legal sentence, notwithstanding the void sentence has been partly executed and such conduct by the court does not subject the defendant to double punishment for the same offense.

6. SAME—VOID SENTENCE—VIOLATION OF PAROLE—NEW SENTENCE—GOOD TIME ALLOWANCE.

> A defendant's violation of parole under a void sentence does not militate against him on new sentence imposed for a shorter period where, with an allowance for good behavior, if he is entitled to it, he would be eligible for parole.

7. SAME—CREDIT FOR TIME SERVED UNDER VOID SENTENCE—AMENDMENT OF STATUTES.

> Whether or not statutes should be so amended that a prisoner who had served time under a void sentence should be credited therewith on a new sentence, in order to bring uniformity in the practice, is a matter for the legislature, not the courts.

Habeas corpus by E. Jerome Doelle to obtain his release from State Prison of Southern Michigan. Submitted September 8, 1948. (Calendar No. 44,-049.) Writ denied December 17, 1948.

*E. Jerome Doelle, in pro. per.*

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* for the people.

BUTZEL, J. On the filing of a petition which we have treated as one for a writ of habeas corpus by Elmo J. Doelle, also known as E. Jerome Doelle, an

order was issued directing the warden of the State's prison at Jackson, Michigan, to show cause why the writ should not be granted. The return and accompanying exemplification of record shows that on November 17, 1947, petitioner pleaded guilty to the crime of larceny from a store, was sentenced to the State's prison at Jackson, Michigan, for a term of from 1 to 4 years, with a recommendation that he serve 1 year, and that by virtue of this sentence he is now imprisoned. Inasmuch as a complete record is here, we shall consider the case the same as if it were also here on certiorari. Petitioner appears *in propria personam*. His petition is very informal.

In the November, 1939, term of the recorder's court for the city of Detroit, an information containing two counts was filed against petitioner and another party. In the first count they were charged with breaking and entering a building in the nighttime with the intent to commit larceny therein, and in the second count with larceny by stealing in a store. See Act No. 328, §§ 110, 360, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–110, 17115–360, Stat. Ann. §§ 28.305, 28.592). The jury returned a verdict in the following form: "We find both defendants guilty as charged." Petitioner was thereupon sentenced to not less than $7\frac{1}{2}$ years nor more than 15 years in State's prison for the crime of breaking and entering in the nighttime. The crime of larceny by stealing in a store was not mentioned. This is shown by photostatic copies of the record filed by plaintiff. An incorrect entry in the journal also made at the time of conviction was corrected in 1947 so as to conform with the verdict of the jury. A motion for a new trial was granted on or about October 6, 1947, on the ground that the verdict did not point out the offense of which petitioner had been found guilty. An order was entered vacating

and setting aside the previous sentence. The court relied on *People* v. *Huffman*, 315 Mich. 134, in granting a new trial and setting aside the verdict.

It also appears from the record that petitioner was granted a parole while serving the term of 7½ to 15 years, but on its violation was returned to prison. On the new trial after an unrecorded colloquy between the court and counsel, defendant's attorney stated that defendant desired to plead guilty to the second count in the information. The prosecuting attorney stated he had no objection to acceptance of the plea by the court. After interrogating the complaining witness and the defendant, the court accepted the plea, found defendant guilty on the second count of the information, and after first securing a report from the probation officer, sentenced him to a term of not less than 1 and not more than 4 years' imprisonment with a recommendation that he serve the minimum term. The effect of the acceptance of the plea of guilty as to the second count of the information was to free him from the charge of breaking and entering contained in the first count.

Defendant had served almost eight years of the original sentence when thus resentenced. The important question now presented is whether, in view of the fact that the maximum term of imprisonment for the crime which petitioner has been found guilty of is 4 years (Act No. 328, § 503, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-503, Stat. Ann. § 28.771]), should he not have been released from further imprisonment when he had already served more than the maximum term for larceny by stealing in a store? He was sentenced at the first trial for a maximum of 15 years for breaking and entering at nighttime, nothing whatsoever being said at the time of sentence in regard to the crime of larceny by stealing in a store, defined by statute as a

different crime from breaking and entering in the nighttime. Defendant claims that the lesser offense in this particular crime is included in the greater crime.

The length of imprisonment for a specific felony is a matter for legislative determination and is not subject to judicial supervision unless the sentence imposed violates the provisions of the statutes. *People* v. *Harwood,* 286 Mich. 96. The attorney general calls our attention to a statement in 24 C. J. S. § 1990, p. 1216, as follows:

"Where the original sentence imposed is void, the action of the court in expunging the first and imposing another does not subject accused to double punishment, even though he has served part of the void sentence. Likewise, where an erroneous sentence is reversed and remanded for a proper punishment and accused is resentenced after having served part of the erroneous sentence, he is not punished twice for the same offense, although he is compelled to suffer solitary confinement twice, and the resentence results in confinement for a longer period than the term for which he originally was sentenced."

He also calls our attention to *State* v. *Parks,* 67 Ohio App. 96 (36 N.E.[2d] 42), and *State, ex rel. Drankovich,* v. *Murphy,* 248 Wis. 433 (22 N.W.[2d] 540), but in both of these cases the precise question here presented was not involved, as in neither case had the prisoner previously served the maximum sentence provided by law.

Petitioner calls attention to a number of cases that have arisen in the recorder's court for the city of Detroit in which he was convicted, where, under similar circumstances, the court in resentencing the prisoner gave credit for time already served by specifying that the new sentence should run from the date of the original sentence. However the question did not reach our Court in these cases.

Where a defendant who has been convicted of a felony is subsequently informed against as a second, third or fourth offender under the habitual criminal statute and is convicted on such charge, the statute provides that "the court shall sentence him to the punishment prescribed * * * and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated if required." (3 Comp. Laws 1929, § 17341 [Stat. Ann. § 28.1085].)

In *People* v. *Dane,* 81 Mich. 36, the trial court imposed a new sentence subsequent to the first sentence being set aside, and this Court stated that the first sentence might be treated as never having been imposed, "nothing having been done by way of carrying such sentence into execution." In *People* v. *Farrell,* 146 Mich. 264, there were four opinions filed. Chief Justice Carpenter in his opinion stated (p. 270):

"Where that first sentence is illegal—and I think it clear that the sentence imposed on defendant by the trial court in this case is to be regarded as illegal—the court has power to substitute for it a legal sentence (*McCormick* v. *State,* 71 Neb. 505 [99 N. W. 237], *People* v. *Dane,* 81 Mich. 36), and its right to do this is not impaired by the circumstance that the illegal sentence has been partly executed (*McCormick* v. *State, supra*), though that circumstance will undoubtedly be considered by the trial court in determining the extent of defendant's punishment."

In *People* v. *Gilbert,* 163 Mich. 511 (Ann. Cas. 1912A, 894), we reversed a conviction on the ground that the defendant had been found guilty of a felony which the proofs did not show was committed. In refusing to remand the case for further proceedings on a lesser included offense, we took into consideration the fact that the maximum term of imprison-

ment which could be imposed for the lesser offense was three months and that the defendant had served more than that period of time under the sentence of the court. We ordered that the defendant be discharged from confinement.

The cases from other jurisdictions are helpful but in many instances can be distinguished. In many jurisdictions where similar questions have arisen, the court in sentencing defendant after a new trial has given credit for time served under a previous conviction and sentence that was set aside.

In *People* v. *Judd,* 396 Ill. 211 (71 N. E. [2d] 29), the defendant was sentenced under an invalid statute and served some time. His case was remanded for resentence. It was held that the court had no power to give credit for time served under an erroneous sentence, but that it could be done by shortening the maximum under the new sentence.

Again in *People* v. *Atkinson,* 376 Ill. 623 (35 N. E. [2d] 58), the statement is made that upon reversal the appellate court has no power to require credit upon a new sentence for the time the prisoner had served under the original sentence, that the court can always shorten the term to the minimum and that was done in the instant case.

However, in *Stonebreaker* v. *Smyth,* 187 Va. 250 (46 S. E. [2d] 406), the convictions and sentences were set aside and a new trial was granted. The court stated in the course of its opinion that if the petitioner was tried and convicted on any one or more of the three indictments against him, he should receive proper credit for the time served and credit for good conduct if entitled to it under the pertinent rules and regulations of State authorities.

In *Jackson* v. *Commonwealth,* 187 Ky. 760 (220 S. W. 1045, 9 A. L. R. 955), the court stated it would be an injustice as well as a flagrant invasion of their legal rights to require the defendants to serve their

terms, or any part thereof, twice. To like effect, see *Owen* v. *Commonwealth,* 214 Ky. 394 (283 S.W. 400). See, also, *State* v. *Mehlhorn,* 195 Wash. 690 (82 Pac. [2d] 158); *In Matter of Application of Leypoldt for Writ of Habeas Corpus,* 32 Cal. App.(2d) 518 (90 Pac.[2d] 91).

In the annotation in 9 A. L. R. 958, 959, it appears that in Iowa the decisions are based upon a statute (Code of Iowa 1946, § 793.26), the writer of the notes stating:

"In some jurisdictions statutes have been enacted which, in some instances at least, have a bearing upon the question under consideration. For instance, in Iowa, it is provided that if a defendant imprisoned during appeal is granted a new trial and is again convicted, the period of his former imprisonment shall be deducted from the period of imprisonment to be fixed on the last verdict of conviction."

It would serve no useful purpose to discuss the large number of cases from other jurisdictions. Attention is called to a discussion of the subject with citations in 45 Michigan Law Review, p. 912. In a comparatively recent case, *State* v. *Parks, supra,* the court of appeals of Ohio stated:

"If a trial court has imposed an illegal and void sentence, it has the power to substitute for it at a later time a legal sentence, notwithstanding the void sentence has been partly executed. And such conduct by the court does not subject the felon to double punishment for the same offense" citing 24 C.J.S. p. 1618.

The supreme court of Wisconsin adopted the same rule in *State, ex rel. Drankovich,* v. *Murphy, supra.*

The attorney general concedes that there is much justice in defendant's claim and that we might up-

hold it in accordance with the reasoning in *People* v. *Gilbert, supra.* The length of imprisonment for a specific offense is a matter for legislative determination and is not subject to judicial supervision. *People* v. *Harwood,* 286 Mich. 96.

At the first trial, defendant was represented by counsel. Defendant made no claim of improper sentence until over seven years had elapsed and as the trial judge stated it had become difficult to obtain the testimony offered at the first trial on behalf of the plaintiff. It appears that the trial judge did consider defendant's previous imprisonment when he set and recommended a minimum term of one year. Defendant's violation of the parole under the void sentence does not militate against him on his new sentence. With an allowance for good behavior, if he is entitled to it, he is now eligible for parole. Even paroling defendant for the balance of the term of the new sentence not only may protect the public, but also act as a check on defendant during a period of rehabilitation after years of imprisonment. In the last analysis, the law is not vindictive, and possibly the criminal code should be amended as was done in Iowa, so as to credit a prisoner on a new sentence with the time he has served under a void sentence. This also would bring uniformity in the practice. This, however, is a matter for the legislature, not for us.

The writ of habeas corpus is dismissed.

BUSHNELL, C. J., and SHARPE, REID, and CARR, JJ., concurred with BUTZEL, J.

BOYLES, J. (*concurring*). I concur in the conclusion that it is within the discretion of a sentencing court to decide whether the time served by the defendant under a previous void conviction and sentence for a different offense should be taken into

consideration in determining what sentence should be imposed after a subsequent plea of guilty to a different offense. The only present requirement as to the length of time to be served is that it must conform to the statutory limits. But I do not agree that this Court should suggest legislation which would make it mandatory upon a sentencing court to reduce a sentence by the length of time already served under a void conviction and previous sentence for a different offense. Mr. Justice BUTZEL suggests that "possibly" the criminal code should be amended to that effect.

We have often said that the desirability or the propriety of legislation is not for the Court. We should not depart from that rule.

"The desirability or the propriety of Act No. 170 [Pub. Acts 1941] is not for the court." *Evans Products Co.* v. *State Board of Escheats,* 307 Mich. 506, 548.

"The court does not decide the policy of legislation. If the objection merits consideration the remedy lies in legislative action." *General American Life Ins. Co.* v. *Wojciechowski,* 314 Mich. 275, 287.

NORTH and DETHMERS, JJ., concurred with BOYLES, J.