CARL G. SMITH, PRO SE

*vs.*

J. WALLACE LOVELL, WARDEN
MAINE STATE PRISON

Knox.    Opinion, December 26, 1950

*Carl George Smith, pro se,* for petitioner.

*Ralph W. Farris, Attorney General,*
for the State of Maine, and

*John S. S. Fessenden, Deputy Attorney General,*
for the State of Maine, for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On report. This cause arises on a petition for a writ of mandamus. The petitioner is confined in the Maine State Prison in execution of sentence. The respondent is the warden of said prison. The petitioner alleges that he is eligible to parole under the provisions of R. S., Chap. 136, Sec. 14; that it is the duty of the respondent as warden of the prison to furnish him a "blank application for parole" to enable him to make application therefor under the provisions of R. S., Chap. 136, Sec. 15; that the warden though requested therefor refused and refuses to furnish the pe-

titioner such blank application for parole in violation of the petitioner's rights under said Sec. 15. The petitioner seeks a writ of mandamus to enforce his alleged right to receive said "blank application" to enable him to apply for the parole to which he claims he is eligible.

On the petition, after notice, a Justice of the Supreme Judicial Court issued the alternative writ. The respondent made return thereto, to which the petitioner demurred. After joinder by the respondent, the Justice of the Supreme Judicial Court, the parties consenting thereto, reserved the questions of law arising thereon and reported the case to the Law Court with the following stipulation: "If the demurrer is sustained, case to be remanded to a Justice of the Supreme Judicial Court for the issuance of the peremptory writ as prayed for, otherwise, if demurrer denied process to be dismissed."

Without recital of the pleadings, *in extenso*, the determinative issue in the case is whether or not the petitioner is "eligible to parole" under R. S., Chap. 136, Sec. 14. If he is, it is the legal duty of the respondent under R. S., Chap. 136, Sec. 15 to furnish him the "blank application for parole" provided for therein to enable him to make application therefor.

From the petition and the return the following facts appear. The prisoner is in execution of a sentence to the State Prison of not less than one and one-half years and not more than three years. This sentence was imposed on May 10, 1949. By its terms "This sentence is to begin at the expiration of the sentence in case No. 8742." Previously and on the same day in case No. 8742 the petitioner had been sentenced to imprisonment in the State Prison for a term of "not less than three and one-half years, and not more than seven years." Warrants for commitment issued upon both sentences on said May 10, 1949, and the petitioner was then committed to the State Prison where he has ever since been confined.

On September 9, 1950 this court sustained exceptions to the denial of a writ of error attacking the conviction and sentence in case No. 8742, see *Smith, Petr.* v. *State of Maine,* 145 Me. 313, 75 Atl. (2nd) 538. Certificate thereof was filed in the clerk's office in Knox County (the county where the proceedings in error were pending) on September 9, 1950. On October 2, 1950 the Justice of the Superior Court before whom the writ of error was pending signed and filed in said office the following order pursuant to the mandate from the Law Court:

> "The conviction for escape from the Cumberland County jail is reversed and the sentence vacated. Ordered: The prisoner, to wit, Carl G. Smith unless held upon some process in no way dependent upon said conviction or sentence, is hereby discharged."

This order was "Certified to Maine State Prison October 2, 1950."

The petitioner claims that as the conviction in case No. 8742 has been reversed and the sentence therein vacated on writ of error, the sentence in execution of which he is now in custody commenced on the date it was imposed and the warrant of commitment issued, notwithstanding the fact that it "was to begin at the expiration of the sentence in case No. 8742." If this contention of the petitioner be correct the minimum term of his present imprisonment, with the deduction provided by law, had expired when he requested the blank application for parole and the petitioner then was and now is eligible to parole. R. S., Chap. 136, Sec. 14.

The respondent on the other hand claims that "the expiration of the sentence in case No. 8742" did not occur until the conviction in case No. 8742 was reversed and the sentence therein vacated. If this contention of the respondent be sustained the petitioner is not eligible for parole.

In this state it has ever been the practice to impose cumulative or consecutive sentences upon separate convictions, the subsequent sentence to take effect upon the expiration of the former. This practice was recognized in *Breton Petr.* 93 Me. 39, at least with respect to misdemeanors, and in *Smith* v. *State,* 142 Me. 1, 45 Atl. (2nd) 438, with respect to felonies. This is correct practice whether the several convictions are upon separate counts in the same indictment, or under separate indictments.

The leading case upon the subject is *Kite* v. *Commonwealth,* 11 Met. 581, 585. In an able opinion by Chief Justice Shaw the Massachusetts court said:

"The court are all of opinion that it is no error in judgment, in a criminal case, to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit; and there is no other mode in which a party may be sentenced on several convictions. Though uncertain at the time, depending upon a possible contingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the event. If the previous sentence is shortened by a reversal of the judgment, or a pardon, it then expires; and then, by its terms, the sentence in question takes effect, as if the previous one had expired by lapse of time. Nor will it make any difference, that the previous judgment is reversed for error. It is voidable. only, and not void; and, until reversed by a judgment, it is to be deemed of full force and effect; and though erroneous and subsequently reversed on error, it is quite sufficient to fix the term at which another sentence shall take effect."

This opinion has been cited and quoted by so many courts that a review of the many decisions would serve no useful purpose. It is to be noted, however, that the Supreme Court of the United States in the case of *Blitz* v. *United States,* 153 U. S. 308, which will be discussed later, gave it

its unqualified approval, including that portion dealing with the vacating of the prior sentence on writ of error.

In a later Massachusetts case, *Dolan's* Case, 101 Mass. 219, 223, the court said:

> "But the validity of such additional sentences is never affected by the contingencies which render the duration of previous terms uncertain. *Kite* v. *Commonwealth,* 11 Met. 581. The time fixed for the execution of the second sentence is not the end of the limited period from the date of the order of commitment in the first case, but the end of the imprisonment under the first sentence, however that may be legally terminated."

This opinion like the former one in *Kite* v. *Commonwealth* was cited with approval by the Supreme Court of the United States in the *Blitz* case, *supra.*

Another leading case, and one exactly in point in the instant case is *Brown* v. *Commonwealth,* 4 Rawle (Pa.) 259. This case was decided and reported several years prior to *Kite* v. *Commonwealth* and has been often cited. In this case the prisoner on the same day was sentenced for larceny to five years' imprisonment, and also to one year's imprisonment for breach of prison, the latter sentence "to commence and take effect immediately after the expiration of the sentence passed on him for the larceny of the goods of Hiram Jones." The first sentence was reversed on error, and after the elapse of a year from the date of sentence the prisoner sought his discharge from the second sentence on the ground that it had expired by its own limitation, the preceding one having been a nullity. The court rendered the following opinion:

> "The preceding sentence, though erroneous, was not void. On the contrary, it was in full force, till it was reversed, and would protect the officer from an action of trespass for false imprisonment. Having been thus in force, it expired, for all legal

purposes, at the time of its reversal, and the period of the subsequent one which was dependent on it, began to run. The confinement which the prisoner has undergone, therefore is referable to the prior sentence, and not to the succeeding one, which taking effect from the termination of the former is yet in force."

These general principles of law announced in these decisions are set forth in 15 Am. Jur. Page 125, Sec. 468:

"The fact that an intermediate sentence is held to be void does not entitle the prisoner on the expiration of the term imposed for the preceding sentence to be discharged, but his imprisonment under the last sentence should begin immediately, and commencement of the term of a sentence of imprisonment to take effect immediately after the expiration of a prior sentence is, if such prior sentence is reversed, the date of such reversal."

The petitioner in his brief cites as *contra* to the foregoing principles and cases, *Ex parte Roberts,* 9 Nev. 44, 16 Am. Rep. 1; *Gregory* v. *Queen,* 15 Q. B. 974 and also *Blitz* v. *United States, supra.* An analysis of these cases, however, shows that they are not in point. In *Blitz* v. *United States* the defendant had been convicted on each of three counts of an indictment. At *nisi prius* and prior to sentence, he moved in arrest of judgment on all three counts. The motion was sustained as to the second count and overruled as to the first and third. Thereupon he was sentenced to imprisonment for one year and a day on the first count and upon the third count to imprisonment for a like period to begin upon the expiration of the sentence upon the first count. He then brought the case forward by a writ of error to both counts alleging as error the overruling of the motion in arrest directed to the first and third counts. The Supreme Court of the United States found error in the first count and arrested judgment thereon and as to the third count stated:

"But as there has been a trial upon the third count, the sentence, in respect to that count, should stand, and the term of imprisonment under it be held to commence from the 28th day of November, 1893, the date fixed by the judgment below for imprisonment to begin under the sentence on the first count."

It is to be noted that in this case there was a simultaneous attack upon the validity of both sentences which was instituted at *nisi prius* and during the term at which they were pronounced. The case was brought forward by a single writ of error directed to both sentences, the appropriate procedure for review of the alleged erroneous rulings with respect to said sentences below. Both sentences were before the court for review in a single case. The same thing is true in *Gregory* v. *Queen, supra.* In such situation the court revised the sentence directly attacked at *nisi prius* and brought forward on error.

In those cases where the sentences upon separate counts in a single indictment were simultaneously under attack by a single writ of error, the sentence which was sustained was made to conform to what should have been imposed in the first place. Such, however, is not the situation here presented, and we need not nor do we intimate an opinion as to what our decision would be under such a situation as obtained in those cases.

The petitioner in the instant case, at *nisi prius* did not attack the proceedings or the sentence in either of the cases there being prosecuted against him. In the case where the sentence was later vacated by writ of error the petitioner, the then defendant at *nisi prius*, if he so chose, could have made a motion to quash the indictment, which motion if made should and we assume would have been sustained. He could have demurred. He could have made a motion in arrest of judgment and, finally, he could have taken exceptions to the sentence imposed. Had he adopted any one of the latter three methods he could have obtained a re-

view by this court of unfavorable action by the court below, which would have resulted in his favor and the vacation of the sentence imposed. Pending his exceptions he could have obtained a stay of sentence and have been released on bail until final determination of the cause. R. S., Chap. 135, Sec. 29. He could likewise have attacked the second sentence by exceptions and have obtained a stay thereof until final determination and have been released on bail until that time. Of course, if he had obtained a stay of sentence and failed to recognize, his commitment would have been to await final decision, rather than in execution of sentence. R. S., Chap. 135, Sec. 29.

The petitioner did none of these things. By his inaction he waived all of these provisions of the law which were available to him and which were designed and intended as a protection of his rights. Some time later, while in execution of the first sentence, he attacked the validity of that sentence by writ of error. In that attack he was successful. That sentence was terminated. By its very terms the second sentence, that now in question, then took effect.

He now complains that he suffered imprisonment under the first sentence unjustifiably, and that the imprisonment which he suffered under that sentence should be credited upon the present valid and subsisting sentence which by its very terms was not to take effect and did not take effect until the other sentence was terminated.

As will be later shown, the first sentence was not *void* but *voidable* until it was vacated. No attack having been made upon the second sentence, the second sentence stood and still stands as pronounced, effective upon the expiration of the first sentence. The first sentence expired not by lapse of time but by being vacated upon the writ of error. When so vacated its expiration then took effect and the present sentence, according to its terms, then commenced.

If the plaintiff suffered imprisonment under the erroneous sentence it is because he did not avail himself of the provisions of law which existed for his benefit.

It may be noted in passing that those who have violated the criminal law, no matter how clear their guilt, are only too willing to avail themselves of any legal technicalities which will enable them to escape well deserved punishment. These same persons, even as does the petitioner, are loud in their denunciation of the law and its "dry legal logic" and "lack of natural justice" when by failure to avail themselves of its provisions they lose a benefit which they might have otherwise obtained.

The case of *Ex parte Roberts,* 9 Nev. 44, is entirely different from the instant case. In that case the petitioner had been sentenced to imprisonment in the State Prison for the term of one year,

> "such term of imprisonment to commence upon the expiration of any term or terms of imprisonment which you may now be undergoing in said State prison."

At the time the foregoing sentence was pronounced upon him, the petitioner was incarcerated in the State Prison having been sentenced thereto to a term of ten years. At the time the sentence for one year was imposed, an appeal from the sentence of ten years was then pending. In *State v. Roberts,* 8 Nev. 239, the ten year sentence was declared by the Supreme Court of Nevada to be *null* and *void* on the ground that it was imposed at a term of court not authorized by law to be held. The court said:

> "It is indispensable to the validity of a judgment that it be rendered at the time and place prescribed by law: the proceedings in this case were therefore *coram non judice* and void."

Roberts, more than a year after the imposition of the sentence for one year, sought release by habeas corpus upon

two grounds, first, that the sentence was void for uncertainty, because the former conviction being void could not create any term (of imprisonment), that there never was a commencement of such term and necessarily there could not be any expiration of it, and that since the term in question was to commence upon such impossible expiration never could commence. As a second ground for discharge he urged that if the sentence for one year took effect it took effect immediately upon its rendition and that the term of one year therefrom being now expired he was also entitled to his discharge. In this case, *Ex parte Roberts*, 9 Nev. 44, the court said:

> "The decision of this court did not make that judgment (the one upon which the prior sentence was imposed) void; it was void *ab initio*, and the sentence and imprisonment under it were, in legal contemplation, nullities. Either the judgment of the 11th of March commenced to run upon its rendition or it is void for uncertainty, and in neither case is the warden of the State prison entitled to custody of the prisoner."

The petitioner in this case urges that the conviction which we reversed and the sentence which we vacated were *void,* as distinguished from *voidable,* and that his present term of imprisonment, on the authority of *Ex parte Roberts,* commenced to run from the time it was imposed and when he was committed to the State Prison.

Sentences may be either erroneous and hence voidable or they may be absolutely null and void *ab initio*. Sentences pronounced by a court having jurisdiction of the cause and the parties are *voidable only* and not *void*. If voidable as distinguished from null and void, they remain in full force and effect until vacated by a court of competent jurisdiction. See *Wallace* v. *White*, 115 Me. 513, 519.

In the petitioner's former case, the one where the conviction was reversed and sentence vacated, on error, the

court had jurisdiction over the person of the defendant and over the offense with which he was defectively charged. Having been indicted, it was within the jurisdiction of, and was the province of the court to determine whether or not the indictment sufficiently charged a crime and, if so, what crime, and to impose the appropriate sentence therefor. If the court erroneously determined that the indictment charged the crime set forth in the statute under which it imposed sentence and imposed sentence appropriate for that crime, the sentence was not *void* but *voidable*.

By R. S., Chap. 132, Sec. 5, it is provided:

> "The superior court shall have original jurisdiction, exclusive or concurrent, of all offenses except those of which the original exclusive jurisdiction is conferred by law on municipal courts and trial justices, and appellate jurisdiction of these."

The petitioner urges that in the previous case the Municipal Court had original exclusive jurisdiction because the offense which he committed was in fact only a misdemeanor and not a felony; that because he was sentenced upon an indictment returned to the Superior Court in a case over which the Municipal Court had original exclusive jurisdiction, his conviction and sentence were *coram non judice, null and void,* as distinguished from *voidable*. The petitioner's major premise, the one upon which he grounds this argument, is at fault. Municipal Courts do not have exclusive original jurisdiction over such escapes as are misdemeanors only and not felonies. In such offenses the Superior Court has concurrent original jurisdiction, and prosecutions therefor may be commenced by indictments returned to the Superior Court. The crime of escape or prison breach, whether felony or misdemeanor, is within the original jurisdiction of the Superior Court and prosecution therefor may be commenced by indictment. In fact, under the statute above quoted, the Superior Court has jurisdiction of all offenses except those of which exclusive

original jurisdiction is conferred upon Municipal Courts or trial justices. No such exclusive original jurisdiction has been conferred upon Municipal Courts or trial justices over any offense constituting a criminal escape. Therefore, the petitioner's claim that his prior sentence was *coram non judice* is without foundation and cannot be sustained.

Nor can it be successfully urged that because the indictment in the former case defectively set forth the commission of an offense that the sentence imposed therein was *void* as distinguished from *voidable*. It was not *coram non judice*. As said by Chief Justice Marshall in *Ex parte Watkins*, 3 Peters 193, a judgment

> "is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous. The circuit court for the District of Columbia is a court of record having general jurisdiction over criminal cases. An offense cognizable in any court is cognizable in that court. If the offense be punishable by law, that court is competent to inflict the punishment. The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have. To determine whether the offense charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other; and must remain in full force, unless reversed regularly by a superior court capable of reversing it."

As said in *Ex parte Parks*, 93 U. S. 20:

> "Whether an act charged in an indictment is or is not a crime by the law which the court administers, is a question to be met at every stage of criminal proceedings; on motions to quash the indictment, on demurrers, on motions to arrest judgments, etc. The court may err, but it has jurisdiction of the question. If it errs, there is no remedy

after final judgment, unless a writ of error lies to some superior court."

The general principle that an erroneous judgment rendered by a court having jurisdiction over the person and the subject matter is voidable and not void is stated in 31 Am. Jur. 66, Sec. 401 as follows:

"Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."

In the former case *Smith, Petr.* v. *State,* 145 Me. 313, 75 Atl. (2nd) 538, the question of whether the sentence involved was *void* or *voidable* was not in issue. The only issue in that case with respect to the sentence was whether the sentence was, as Chief Justice Emery said in *Galeo* v. *State,* 107 Me. 474, "authorized by law." Although we referred to the sentence in the opinion in *Smith, Petr.* v. *State, supra,* 75 Atl. (2nd) 538, as *void,* we used the word in the sense of *voidable* as distinguished from absolutely *null and void.* While exactness in the use of English especially in opinions is highly desirable and of great importance, nevertheless in the interpretation of words used in opinions, they should be interpreted with reference to the subject matter under consideration and the issue then before the court. The words *void* and *voidable* are often used interchangeably and the interpretation of a specific use of the word *void* will depend upon the issue to which it is applied. As said in *Elerick* v. *Reed,* 240 Pac. 1045, 1047, 113 Okla. 195, 44 A. L. R. 714:

"The words 'void' and 'voidable' are often loosely used, and much confusion has resulted therefrom.

'Void' is so frequently employed in the sense of 'voidable' as to have lost its primary significance; and, when it is found in a statute, judicial opinion, or contract, it is generally necessary to resort to the subject-matter or context to determine precisely the meaning given to the word."

The case of *United States* v. *Winona St. P. R. Co.,* 67 Fed. 948 is an interesting one, especially in its decision with respect to the use of the word void by the same court in its own former opinion. In that case at Page 954, the United States Circuit Court of Appeals for the Eighth Circuit said:

"Moreover, it is a common practice of legislatures and courts to use the words 'void' and 'voidable' interchangeably where the distinction between them is not material to the question or case under consideration; and it was in this way that the word 'void' was used in Burr v. Greely. The question now before us was neither argued, considered, nor decided in that case, and we enter upon its consideration in this case for the first time."

The court then proceeded to hold that a judgment by a special tribunal vested with judicial power referred to in the former opinion as *void* was *voidable only.*

As in the federal case above cited, the question now before us as to whether or not the sentence under consideration in *Smith, Petr.* v. *State,* 75 Atl. (2nd) 538, was *void* or *voidable* was neither argued, considered, nor decided in that case. Nor was it material to the issue then before this court. We enter upon its consideration in this case for the first time. We hold that it was *voidable* and *not void* and that it was in the sense of *voidable* that the word *void* was used by us with reference to the sentence under consideration in our opinion in *Smith, Petr.* v. *State,* 75 Atl. (2nd) 538.

It is therefore seen that the case of *Ex parte Roberts,* 9 Nev. 44, is not in point. In that case the prior sentence was truly *void* instead of *voidable* only. The situation there

present is not now before us. Nor are we called upon to determine the legal questions there decided. Whether or not we would arrive at the same decision as did the Nevada court on the same facts is a question upon which we neither express nor intimate an opinion.

The other cases cited by the petitioner in his brief have been carefully examined and none of them are applicable to the question here in issue. In not a single one of the following cases cited by the petitioner, *People* v. *Wilson,* 391 Ill. 463, 63 N. E. (2nd) 488; *Owen* v. *Com.* 214 Ky. 394, 283 S. W. 400; *In re: Silva,* 38 Cal. App. 98, 175 Pac. 481; *State* v. *Fairchild,* 136 Wash. 132, 238 Pac. 922; *Jackson* v. *Commonwealth,* 187 Ky. 760, 220 S. W. 1045; *State* v. *Mehlhorn,* 195 Wash. 690, 82 Pac. (2nd) 158; *People ex rel Barrett* v. *Hunt,* 12 N. Y. Supp. (2nd) 127 and *In re: Cowan,* 284 Mich. 343, 279 N. W. 854, was the question of successive or cumulative sentences involved. In each of these cases the question at issue was whether or not in resentencing on the original conviction, after an erroneous sentence had been vacated, credit was to be given on the new sentence for the time served for the same crime under the former erroneous sentence. Not one of these cases involved the issue presented in this case. The issue in this case is whether time served for one crime, on a sentence which has been vacated as erroneous, can be credited upon an independent sentence imposed on conviction of another crime on a separate indictment, because the latter sentence which remains unmodified and in full force and effect was to commence upon the expiration of the former. A discussion of these cases, many of which turn upon express statutory provisions with relation to resentencing, would be profitless at this time as the questions involved therein are not here in issue.

The petitioner's sentence which was vacated on the writ of error terminated on October 2, 1950, the date when the order vacating the same was made in the proceedings in

error, not upon the date of the filing of the certificate of decision from this court. The case in error came to this court upon a bill of exceptions to the decision by the single justice denying error. The effect of sustaining the exceptions was to vacate the decision of the single justice, and left the case in his hands for final disposition. He disposed of the case by his order dated and filed October 2, 1950. By that order, and that order alone, the sentence imposed in that case was terminated, and upon its termination the sentence now under consideration commenced.

The petitioner was not eligible for parole either at the time he made demand upon the warden for the blank application for parole, at the time he petitioned for mandamus, nor is he eligible thereto at the present time. The petitioner's demurrer is overruled. According to the stipulation the process is therefore dismissed.

*Demurrer overruled.*

*Peremptory writ of mandamus denied.*

*Alternative writ quashed.*

*Petition dismissed.*