**Claude BEACH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 24, 1955.

As Extended on Denial of Rehearing
Oct. 21, 1955.

J. B. Johnson, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This appeal involves the question as to whether or not appellant, Claude Beach, is entitled to credit for time served upon the original conviction from the last sentence imposed after a trial for the same crime.

Claude Beach was first indicted, tried and convicted for the crime of willful murder and was sentenced to life imprisonment. The judgment was affirmed by this court in Beach v. Commonwealth, Ky., 246 S.W.2d 587. Thereafter, Beach petitioned the Oldham Circuit Court for a writ of habeas corpus which was denied. Upon appeal to this court, Beach v. Lady, Ky., 262 S.W.2d 837, it was decided that the indictment in the original case was void because it had been returned by a grand jury at a time when court was not in session. On December 14, 1953, a few days after the decision

in this case, Beach was released from prison. At the March 1954 term, a new indictment was returned against Beach charging the same offense and upon trial during the January 1955 term, he was convicted of voluntary manslaughter and his punishment was fixed at 10 years' confinement in the penitentiary. After the verdict had been returned, appellant moved that the court deduct from the 10 year sentence the time served under the previous void conviction. This motion was overruled.

We are concerned with the following pertinent parts of the Criminal Code of Practice:

"§ 344. Upon a mandate of reversal, ordering a new trial, being filed in the clerk's office of the circuit court in which the judgment of confinement in the penitentiary, which has been executed, was rendered, the clerk shall deliver to the sheriff a copy of the mandate, and a precept authorizing and commanding him to bring the defendant from the penitentiary to the county jail, which shall be obeyed by the sheriff and keeper of the penitentiary."

"§ 345. If the defendant, upon the new trial, be again convicted, the period of his former confinement in the penitentiary shall be deducted by the court from the period of confinement fixed in the last verdict of conviction, or be allowed by the court in fixing the period of confinement, although such allowance reduce the period for which the defendant is sentenced below the shortest period prescribed by law as a penalty for the offense of which he has been found guilty; unless the period of confinement fixed in the verdict or by the court be for life."

The foregoing sections outline the procedure to be followed after mandate ordering a new trial has been filed. Our question is whether section 345 applies in cases where no new trial was ordered and the accused is released by extraordinary process because the judgment of commitment was void.

It is true, as pointed out in the reply brief, that this court hoped appellant would be tried again because in the opinion granting the issuance of the writ of habeas corpus, it was said:

"Therefore, after his release from prison on this writ of habeas corpus, the commonwealth is not barred from submitting the case to another grand jury and trying appellant again upon an indictment which is sufficient to sustain a conviction for the killing of Avery Hensley. Runyon v. Morrow, Judge, 192 Ky. 785, 234 S.W. 304, 19 A.L.R. 632; Hodges v. Com., 198 Ky. 652, 249 S.W. 774. Nor does it follow that Beach immediately should be discharged from prison. The warden should notify the prosecuting authorities of Harlan County that he will hold Beach for a reasonable time so as to give them an opportunity to proceed against Beach in due and proper manner."

The warden evidently believed that after the writ of habeas corpus had been issued, any future detention of appellant would be at personal risk because the opinion was handed down on Friday and the following Monday Beach was given his full freedom. He remained a free man under neither restraint nor accusation for about three months and until the March term of the Harlan Circuit Court when he was again indicted.

■ Under the facts in this case we cannot force ourselves to the conclusion that the subsequent trial under the latter indictment was merely a new trial under the original void indictment. Therefore section 345 has no application and time previously served should not be credited on the sentence fixed on the last trial.

The cases generally seem to make a distinction between instances where the original sentence is merely erroneous and when it is void. In an annotation found in 9 A.L.R. at page 958, this statement is made:

"It is generally conceded that where an original sentence is merely erroneous, credit may be had for the time served thereunder. But in some of the cases a distinction has been made between sentences which are merely erroneous and those which are regarded as absolutely null and void, and in the latter instance credit for the time served thereunder is refused,—a result seemingly more consistent with dry logic than natural justice * * *,"

and this statement is supported by several cases. See Ogle v. State, 43 Tex.Cr.R. 219, 63 S.W. 1009; and In re Silva, 38 Cal.App. 98, 175 P. 481.

Under the particular facts of this case, we believe the result is consistent with natural justice as well as dry logic.

We have pointed out above the sole basis for the issuance of the writ of habeas corpus was that the indictment was void. This fact distinguishes the instant case from Jackson v. Com., 187 Ky. 760, 220 S.W. 1045, 9 A.L.R. 955; and Owen v. Com., 214 Ky. 394, 283 S.W. 400, in both of which the first conviction was only erroneous and not void, therefore, we applied the provisions of § 345, Criminal Code, and gave credit for time served under previous erroneous convictions. What is written in the annotations in 37 A.L.R.2d 1283, dealing with void convictions, is not inconsistent with what we say here.

■ Furthermore, we hold that appellant was not denied equal protection of the law as is guaranteed him by the 14th Amendment of the Federal Constitution when he was not given credit for the time served upon his first conviction under a void indictment. As we construe Dowd v. U. S., 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, and Com. v. International Harvester Co., 131 Ky. 551, 115 S.W. 703, they have no application here.

Judgment affirmed.

Judge HOGG not sitting.